Vernon Neal POWERS, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A04–31.

Supreme Court of Minnesota.

Oct. 14, 2004.

Rehearing Granted Nov. 19, 2004.

Harlan Goulett, Harlan M. Goulett & Associates, Minneapolis, for Appellant.

Mike Hatch, Minnesota Attorney General, Thomas Rolf Ragatz, Assistant Attorney General, St. Paul; and Patrick William Flanagan, Mower County Attorney Office, Austin, for Respondent.

# O P I N I O N

HANSON, Justice.

Appellant Vernon Neal Powers seeks postconviction review of his convictions of first-degree murder and first-degree assault in connection with the murders of Juan Ramirez and Raul Gutierrez, and the shooting of Benjamin Hernandez, on June 30, 2000, in Austin, Minnesota. The district court sentenced Powers to two mandatory life sentences for two first-degree premeditated murder convictions and a presumptive sentence of 86 months for the first-degree assault conviction, all sentences to run consecutively. Powers appeals from the order of the postconviction court denying his petition without a hearing. He argues that the postconviction court should have granted a hearing on his claim that he was prejudiced by the district court's refusal to sever his trial from that of two codefendants and that the consecutive sentencing violated the rule in *Apprendi v. New Jersey.* Because all of the issues raised in this petition could have been raised in Powers' direct appeal, we affirm.

A detailed description of the facts can be found at *State v. Powers,* 654 N.W.2d 667 (Minn.2003). Only the procedural history is relevant to this appeal. On direct appeal, this court affirmed Powers' convictions, concluding that (1) Powers did not suffer substantial prejudice from joinder of his trial with that of two codefendants; (2) severance of the joined defendants was not necessary for a fair trial; (3) the district court did not abuse its discretion when limiting testimony in a *Schwartz* hearing; (4) disparaging comments by the prosecutor during closing remarks did not impair Powers' rights to a fair trial; (5) Powers' absence at three hearings was harmless error; (6) Powers was not denied effective assistance of counsel; and (7) Powers' rights to an impartial jury and adequate voir dire were not violated. *Id.* Powers did not challenge his sentence on direct appeal.

On December 16, 2003, Powers filed for postconviction relief under Minn.Stat. § 590.02 (2002). The only new information he supplied with his petition was the affidavit of his codefendant, David Christian, who stated that, had their trials been severed, Christian would have provided exculpatory testimony in Powers' trial.[1]

The issue we must consider is whether the postconviction court abused its discretion in summarily denying Powers' petition. "On appeal from a summary denial of postconviction relief, we examine whether sufficient evidence exists to support the postconviction court's findings and will reverse those findings only upon proof that the postconviction court abused its

---

**1.** Powers raised four arguments other than severance in his petition to the postconviction court: (1) that he was improperly convicted based on uncorroborated testimony of an accomplice; (2) that the trial court committed reversible error by not instructing the jury as to the elements of the underlying felony of first-degree robbery; (3) that the court erred in failing to continue the trial to allow him to obtain private counsel; and (4) that he was denied his constitutional right to effective assistance of counsel. Powers does not argue any of these issues in his brief to this court. Issues raised in a petition for postconviction relief but not addressed by a party's brief are considered waived. *Rainer v. State,* 566 N.W.2d 692, 696 (Minn.1997).

discretion." *Ives v. State,* 655 N.W.2d 633, 635 (Minn.2003). A postconviction court must grant a timely hearing on a motion for postconviction relief "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief[.]" Minn. Stat. § 590.04, subd. 1 (2002); *see also State v. Rhodes,* 627 N.W.2d 74, 86 (Minn. 2001). But, once a defendant has directly appealed his conviction, this court will not consider, in a subsequent postconviction petition, any matters that were raised in the direct appeal or were known at the time of that appeal. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). And a district court may summarily deny a petition for postconviction relief "when the issues raised in it have previously been decided by the court of appeals or the supreme court in the same case." Minn. Stat. § 590.04, subd. 3 (2002).

▮ Two exceptions to the *Knaffla* rule allow for postconviction relief despite the fact that the claims could have been raised on direct appeal: (1) where a novel legal issue is presented; or (2) where the interests of fairness and justice require relief. *Washington v. State,* 675 N.W.2d 628, 630 (Minn.2004). To justify a hearing on a novel legal issue, the claim must be so novel that its legal basis was not reasonably available to counsel at the time the direct appeal was taken. *King v. State,* 649 N.W.2d 149, 156 (Minn.2002). Claims decided in the interests of justice require that the claims have substantive merit. *Id.* at 157–58.

### I.

▮ Powers argues that he is entitled to a hearing on his claim of error in the failure to grant severance because "[s]everal factual conclusions" were "at least contestable" and "essential to its result." To support this assertion, Powers provided an affidavit of codefendant David Christian, who avers that, if the trials had been severed, he would have testified at Powers' trial and would have offered exculpatory testimony that Powers was not involved in the Austin murders. David Christian claims that Powers was too physically impaired, medicated, and intoxicated to have participated in the crimes.

Powers does not argue that this claim falls under either of the exceptions in *Knaffla.* He does not claim that the statements in the David Christian affidavit are newly discovered evidence or that these statements could not have been known at the time of the trial or raised in the direct appeal. We agree with the state that the issues of joinder and severance were thoroughly examined by this court in Powers' direct appeal. We conclude that Powers' claim that it was error to deny his motion for severance is procedurally barred under *Knaffla.*

### II.

▮ Powers' second claim is that his consecutive sentences violate his Fifth and Sixth Amendment rights under the rule in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He argues that *Apprendi* requires that the factors that support a decision to impose consecutive sentences must be determined by the jury, beyond a reasonable doubt, and not by the judge. But Powers does not argue that he could not have made this argument on direct appeal. And because *Apprendi* was decided before Powers' direct appeal, Powers cannot argue that it provides the basis for a novel legal claim. We conclude that Powers' argument under *Apprendi* is also procedurally barred under *Knaffla.*

Accordingly, we hold that the postconviction court did not abuse its discretion

when it summarily denied Powers' petition for postconviction relief.

Affirmed.

ANDERSON, G. BARRY, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.