Vernon Neal POWERS, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A06–1941.

Supreme Court of Minnesota.

May 17, 2007.

Vernon Neal Powers, Bayport, MN, pro se.

Lori Swanson, Minnesota Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN, Kristen Nelson, Mower County Attorney, Austin, MN, for Respondent.

## OPINION

GILDEA, Justice.

Appellant Vernon Neal Powers filed a motion for correction of sentence, pursuant to Minn. R.Crim. P. 27.03, in Mower County District Court. The district court treated the motion as Powers' third petition for postconviction relief and denied the motion without a hearing. Powers appealed to this court, arguing that the district court erred when it denied the motion. We affirm.

The facts of the underlying crime in this case are set forth in detail in *State v. Powers*, 654 N.W.2d 667, 672–74 (Minn. 2003). A jury found Powers guilty of two counts of first-degree murder and one count of first-degree assault. Powers was sentenced to two consecutive life terms for the premeditated murder counts, and 86 months for the assault conviction, to run consecutively with the life sentences. Powers appealed his conviction to this court, and we affirmed. *Id.* at 672. Subsequently, Powers filed his first petition for postconviction relief in Mower County District Court. He made a number of arguments in his postconviction petition, including the argument that his consecutive sentences violated his Fifth and Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court concluded that Powers' sentences did not violate his constitutional rights, and we affirmed, concluding the argument was barred by *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). *Powers v. State*, 688 N.W.2d 559, 561 (Minn.2004). Powers then filed his second postconviction petition. The district court denied relief, and we again affirmed. *Powers v. State*, 695 N.W.2d 371, 375 (Minn.2005).

Powers commenced the instant action by filing a motion for correction of sentence, pursuant to Minn. R.Crim. P. 27.03. Pow-

ers' motion argued that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), retroactively applies to his sentence in light of the Supreme Court's recent ruling in *Washington v. Recuenco*, —— U.S. ——, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006).[1] The district court denied Powers' motion without hearing. The court treated Powers' motion for correction of sentence under Minn. R.Crim. P. 27.03 as his third petition for postconviction relief and concluded that because Powers raised an *Apprendi* argument in his first postconviction petition, his current sentencing argument was barred by *Knaffla*.[2]

■ A postconviction court shall order an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2006). The postconviction petition, however, must include " 'more than argumentative assertions without factual support.' " *Hodgson v. State*, 540 N.W.2d 515, 517 (Minn.1995) (quoting *Beltowski v. State*, 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971)). Additionally, a postconviction court "may summarily deny a second or successive petition for similar relief on behalf of the same petitioner and may summarily deny a petition when the issues raised in it have previously been decided by the Court of

Appeals or the Supreme Court in the same case." Minn.Stat. § 590.04, subd. 3 (2006).

■ On review of a postconviction decision, we determine whether there is sufficient evidence to support the postconviction court's findings. *White v. State*, 711 N.W.2d 106, 109 (Minn.2006). We will not overturn the postconviction court's decision unless the court abused its discretion. *Id.* The district court did not abuse its discretion in this case.

■ It is well settled that when, as in this case, "direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. Additionally, matters raised or known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief. *Spears v. State*, 725 N.W.2d 696, 700 (Minn.2006).

■ We hold that *Knaffla* bars Powers' claims. Powers raised his sentencing argument based on *Apprendi* in his first postconviction petition. Powers' current claim is essentially the same claim, but he cites *Blakely* in support of his argument as well as *Apprendi*. Powers does not explain how *Blakely* has changed his sentencing argument. Moreover, to the extent that the sentencing claim is different

1. Powers has not made this argument to this court. Therefore, we need not address it. We note, however, that *Recuenco* did not address the retroactive application of *Blakely*, and the Supreme Court pointed out that both *Apprendi* and *Blakely* were decided before the Washington Supreme Court heard the case on direct appeal. *Recuenco*, 126 S.Ct. at 2549.

2. Powers does not challenge the district court's decision to treat his motion as a petition for postconviction relief. The district court's decision finds support in the language

of Minn.Stat. § 590.01, which is broad enough to encompass a motion pursuant to Minn. R.Crim. P. 27.03. *See* Minn.Stat. § 590.01 (2006) (allowing a convicted person to petition the district court to correct a sentence); Minn. R.Crim. P. 27.03, subd. 9 ("The court at any time may correct a sentence not authorized by law."); *see also State v. Stutelberg*, 435 N.W.2d 632, 633 (Minn.App.1989) (characterizing the appellant's motion as a "motion for postconviction relief under Minn. R.Crim. P. 27.03, subd. 9").

based on *Blakely,* it is *Knaffla*-barred because Powers could have raised it in his second petition for postconviction relief.[3]

■ There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the interests of justice require review. *Perry v. State,* 705 N.W.2d 572, 574 (Minn.2005) (quoting *Taylor v. State,* 691 N.W.2d 78, 79 (Minn. 2005)). We conclude that neither exception applies. Powers' claims are not novel and the interests of justice do not require review. Powers could have made his arguments previously, and he has not presented a colorable explanation of why he failed to do so.

■ Powers also argues, for the first time in his brief to this court, that the sentencing guidelines are unconstitutional because they were enacted by the Minnesota Sentencing Guidelines Commission, rather than by the legislature. We are "most reluctant" to address issues that were not raised at the district court, *State v. Sorenson,* 441 N.W.2d 455, 459 (Minn. 1989), and we choose not to do so here.[4]

We hold that the district court did not abuse its discretion in dismissing, without hearing, Powers' motion for a correction of sentence.

Affirmed.

**3.** *Blakely* was decided on June 24, 2004, so Powers knew, or should have known, to raise his arguments with respect to *Blakely* when he filed his second postconviction petition on November 3, 2004.

**4.** Even if we chose to address Powers' argument, we would conclude that the argument is *Knaffla*-barred because he could have raised it on direct appeal.