*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0444**

Pedro Maldono Rodriguez, Jr., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 17, 2014
Affirmed
Reilly, Judge**

Polk County District Court
File No. 60-KX-04-000319

Pedro Rodriguez, Faribault, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Gregory Alan Widseth, Polk County Attorney, Crookston, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Peterson, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant challenges the denial of his petition for postconviction relief, arguing that the district court erred by (1) imposing an upward durational departure during sentencing, (2) imposing consecutive sentences, and (3) improperly convicting appellant

of a crime.[1]  Because appellant's postconviction petition is statutorily time-barred and *Knaffla*-barred, we affirm.

**FACTS**

In July 2004, appellant Pedro Rodriguez pleaded guilty to four counts of controlled substance crime, including one count of conspiracy to commit a controlled substance crime and one count of possession of a controlled substance with intent to sell, as well as one count of failing to affix a tax stamp and one count of felon in possession of a firearm, arising out of criminal activity that occurred between January 2003 and March 2004.  In August 2004, the district court sentenced appellant to imprisonment for a period of 278 months for conspiracy to commit a controlled substance crime.  The district court imposed an upward durational departure based on its finding that appellant's criminal activity involved a major controlled substance offense, that there were three or more active participants, and that a juvenile was present during the commission of the offense.  The district court also imposed a 158-month sentence for possession of a controlled substance with intent to sell, to be served concurrently with the first count, and a 60-month sentence for felon in possession of a firearm, to be executed and served consecutively to the sentence imposed in count one, for a total prison sentence of 338 months.

Appellant appealed his conviction to this court in November 2004.  In July 2005, we determined that the district court erred by imposing an upward durational departure

_____

[1]  Specifically, appellant asserts that: "In the present case, above-entitled, [appellant] makes the claim that his Conviction for Conspiracy to commit a Controlled Substance Crime does not meet the legal definition of a crime against person as a matter of law."

from the presumptive sentence based solely on judicially found facts, in violation of appellant's constitutional rights. *State v. Rodriguez*, A04-2192, 2005 WL 1669493 (Minn. App. July 19, 2005), *review denied* (Minn. Sept. 28, 2005). We reasoned that "[a]lthough appellant waived his right to a jury trial on the issue of his guilt, he did not waive his right to a jury finding on sentencing." *Id*. at *2. Accordingly, we reversed and remanded for resentencing in accordance with *Blakely*. *Id*. (citing *Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 2536 (2004) (requiring that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt")). The Minnesota Supreme Court denied the state's petition for further review in September 2005.

In February 2006, the district court conducted a *Blakely* hearing before a sentencing jury to determine the existence of aggravating factors supporting an upward durational departure from the presumptive sentence. The sentencing jury found four aggravating factors: that appellant's conspiracy to commit a controlled substance crime was a major controlled substance offense, that appellant sold cocaine to juveniles during the course of the offense, that the offense was committed as part of a group of three or more persons who all actively participated in the crime, and that appellant was the parent, legal guardian, or caretaker of a juvenile who was present during the commission of the offense. The district court adopted the jury's findings, determined that there were "substantial controlling circumstances that justify an upward departure," and again imposed the previous 338-month sentence.

Appellant appealed the district court's decision in May 2006, claiming among other things that the district court erred by imposing consecutive sentences. *State v. Rodriguez*, 738 N.W.2d 422, 433 (Minn. App. 2007), *aff'd*, 754 N.W.2d 672 (Minn. 2008). We affirmed the district court, concluding that it did not err by imposing consecutive sentences. *Id.* The Minnesota Supreme Court granted appellant's petition for review in November 2007 and affirmed appellant's sentence in August 2008. *Rodriguez*, 754 N.W.2d at 672. The supreme court determined that the record contained sufficient evidence supporting the jury's aggravating-factors findings, justifying an upward sentencing departure. *Id.* at 685.

In October 2013, appellant filed a motion for "correction of unauthorized sentence under: Minn. R. Crim. P. 27.03, sub. 9," arguing that the district court erred by ordering a double durational departure, that the consecutive sentences were unauthorized by law, and that he is entitled to concurrent sentences under the law in effect at the time of his sentencing. The district court treated appellant's motion as one for postconviction relief and denied it in January 2014 on the grounds that it was statutorily time-barred and *Knaffla*-barred. This appeal followed. Respondent did not in any way respond to this appeal.

## DECISION

Denial of a petition for postconviction relief is reviewed for an abuse of discretion. *State v. Vang*, 847 N.W.2d 248, 266 (Minn. 2014). The district court's factual determinations are reviewed under a clearly erroneous standard and will not be reversed unless they lack factual support in the record. *Id.*

4

# I.

Appellant characterizes his petition as one to correct a sentence pursuant to rule 27.03 of the Minnesota Rules of Criminal Procedure, which permits the court, at any time, to correct a sentence "not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. Based on the sentencing guidelines and statutes in effect at the time, it is apparent on its face that appellant's sentence was lawful. *See* Minn. Stat. § 609.11, subds. 5(b), 5a (2002); Minn. Sent. Guidelines II.D, .F (2002). Because consecutive sentencing was "permissive," the sentencing court was authorized to impose consecutive sentences. Thus, the sentence was one "authorized by law."

Furthermore, as this court has noted in other postconviction sentence appeals, just because the appellant files the petition pursuant to rule 27.03, does not automatically mean that it is the applicable rule. Recently, we held that "an offender may file a motion to correct sentence pursuant to [subdivision 9] only if the offender challenges the sentence on the ground that it is 'unauthorized by law' in the sense that the sentence is contrary to an applicable statute or other applicable law." *Washington v. State*, 845 N.W.2d 205, 214 (Minn. App. 2014). An offender wishing to challenge the sentence for "any other reason" must do so under Minnesota Statutes chapter 590. *Id.*; *see also Powers v. State*, 731 N.W.2d 499, 501 n.2 (Minn. 2007) (stating that section 590.01 is "broad enough to encompass a motion pursuant to Minn. R. Crim. P. 27.03"). The

district court characterized appellant's motion as a petition for postconviction relief pursuant to Minn. Stat. § 590.01 (2012).[2]

Because we conclude that appellant has not demonstrated a viable rule 27.03 claim, we next consider whether the petition is timely pursuant to Minn. Stat. § 590.01. We determine that appellant's petition is untimely under Minnesota Statutes section 590.01, which precludes the filing of a petition for postconviction relief "more than two years after . . . an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a)(2). The Minnesota Supreme Court issued an order affirming appellant's sentence in August 2008, and appellant's direct appeal became final 90 days later, in November 2008. *See Berkovitz v. State*, 826 N.W.2d 203, 207 (Minn. 2013) ("When an appellant does not file a petition for certiorari with the Supreme Court of the United States following [the Minnesota Supreme Court's] decision on direct appeal, the appellant's conviction becomes 'final' 90 days after our decision for purposes of Minn. Stat. § 590.01, subd. 4(a)(2)."). It is undisputed that appellant did not file his postconviction petition until 2013, well outside the two-year statutory deadline imposed by section 590.01.

The statute recognizes several exceptions to the two-year limitations period, including: a physical disability or mental disease precluding timely assertion of the claim, allegations of the existence of newly discovered evidence, a new interpretation of federal

---

[2] Even assuming this is a proper rule 27.03 motion, appellant's sentencing arguments have already been reviewed on appeal, rejected, and have no merit.

or state law, an application for relief for a conviction arising prior to May 1980, or a petition that is not frivolous and is brought in the interests of justice. Minn. Stat. § 590.01, subd. 4(b). Appellant does not assert that any of these exceptions apply. Accordingly, appellant's postconviction petition is time-barred under a plain reading of the statute, and the district court did not abuse its discretion in denying his motion for relief.

## II.

Appellant's postconviction petition is also *Knaffla*-barred. The *Knaffla* rule provides that a court may not review successive petitions for postconviction relief that raise the same issues that were raised or could have been raised in a direct appeal or in a prior petition for postconviction relief. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). We recognize the following two exceptions to an otherwise *Knaffla*-barred claim: "if (1) the defendant presents a novel legal issue or (2) the interests of justice require the court to consider the claim." *Hooper v. State*, 838 N.W.2d 775, 787 (Minn. 2013) (quotation omitted). "The second exception may be applied if fairness requires it and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *White v. State*, 711 N.W.2d 106, 109 (Minn. 2006) (quotation omitted). Appellant raises three arguments on appeal in support of his petition.

First, appellant argues that his sentence was an illegal upward departure. This issue has been fully considered on appeal. The supreme court stated that:

> The sentencing jury's findings that appellant's conspiracy
> involved an attempted or actual sale or transfer of controlled
> substances in quantities substantially larger than for personal

use and that it involved a high degree of sophistication or planning, occurred over a lengthy period of time, or involved a broad geographic area of disbursement support the finding of the major controlled substance offense aggravating factor under [Minnesota's sentencing guidelines].

*Rodriguez*, 754 N.W.2d at 685. In this case, the supreme court affirmed appellant's sentence and concluded that "the record contains sufficient evidence to justify the departure." *Id.* We see no need to revisit this issue in this appeal.

Next, appellant argues that he is entitled to have his sentences run concurrently rather than consecutively. We previously addressed this issue and determined that the district court did not err by imposing consecutive sentences. *Rodriguez*, 738 N.W.2d at 433. Appellant also presented this issue to the supreme court on appeal, and the supreme court affirmed the sentence. *Rodriguez*, 754 N.W.2d at 685 (affirming appellant's sentence without further analyzing the issue of concurrent or consecutive sentences). Appellant has not raised a claim so novel that the legal basis was not available on direct appeal, nor has he demonstrated that the interests of justice require yet another review of this issue.

Lastly, appellant argues that he was improperly convicted of a crime. Appellant has not supported this argument with any relevant facts or legal authority, and we consider it waived. *See State v. Manley*, 664 N.W.2d 275, 286 (Minn. 2003) (deeming waived arguments on appeal that are unsupported by facts in the record and contain no citation to any relevant legal authority). Appellant's arguments have been fully and completely addressed on appeal. The district court did not abuse its discretion in

8

determining that appellant's postconviction petition was procedurally barred under *Knaffla* and denying appellant's claim for relief.

**Affirmed.**