*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1111**

Casey Craig Schueneman, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 2, 2015
Affirmed
Reyes, Judge**

Steele County District Court
File No. 74-CR-08-25

Casey Craig Schueneman, Stillwater, Minnesota (pro se appellant)

Lori Swanson, Attorney General, David Voigt, Assistant Attorney General, St. Paul, Minnesota; and

Daniel A. McIntosh, Steele County Attorney, Owatonna, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Worke, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

In this pro se appeal from the district court's denial of postconviction relief, appellant Casey Craig Schueneman argues that the district court (1) erred by construing his motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9 as a motion for

postconviction relief; (2) abused its discretion by denying his petition for postconviction relief; (3) violated his due-process rights; and (4) cruelly and unusually punished him. We affirm.

**FACTS**

In January 2008, the state charged Schueneman with second-degree attempted murder following an incident in which he drove his vehicle into another vehicle driven by a woman who had a harassment restraining order (HRO) against him. The state later charged Schueneman with violation of the HRO.

Before trial, the Minnesota Department of Corrections completed a sentencing worksheet that listed appellant as having three criminal history points for the severity-level-11 second-degree attempted-murder charge and five criminal history points for the severity-level-four violation-of-the-HRO charge. The parties then reached a plea agreement, with the state amending count one to first-degree assault and dismissing count two in exchange for Schueneman's guilty plea to first-degree assault and a joint recommendation to a "top of the box" sentence of 146 months in prison. The 146-month sentence is the top of the presumptive sentencing range for someone with three criminal history points.

The district court accepted Schueneman's guilty plea to first-degree assault. Both sides recommended the 146-month sentence, according to their agreement. When doing so, Schueneman's attorney noted that the sentencing worksheet was correct even though first-degree assault was a severity-level-nine offense. She explained that, because

Schueneman had three criminal history points, the "top of the box would be 146 months." The district court sentenced Schueneman to 146 months in prison.

Schueneman filed a direct appeal in December 2008, but voluntarily dismissed the appeal three months later. In September 2009, Schueneman filed a petition for postconviction relief, arguing that his plea was "unconstitutionally invalid because the factual basis was insufficient." Schueneman did not request an evidentiary hearing, and the district court denied Schueneman's petition for postconviction relief.

Schueneman filed a notice of appeal, arguing that his guilty plea was invalid because the factual basis was insufficient to prove that the victim suffered great bodily harm and because he received ineffective assistance of counsel. *Schueneman v. State*, No. A10-0449, 2010 WL 5155276, at *1 (Minn. App. Dec. 21, 2010), *review denied* (Minn. Mar. 15, 2011). This court affirmed the district court's denial of postconviction relief, *id.*, and the supreme court denied Schueneman's petition for further review.

In February 2010, Schueneman filed a motion to correct his sentence pursuant to Minn. R. Crim. P. 27.03, subd. 9, arguing that he actually had a criminal history score of two and that his sentence should be reduced to 132 months. The district court agreed that the original sentencing worksheet was incorrect and that Schueneman's correct criminal history score was two. It therefore corrected Schueneman's sentence to 132 months in prison, which is the top-of-the-box sentence for someone with two criminal history points.

In March 2014, Schueneman moved pro se for a reduction of his sentence pursuant to Minn. R. Crim. P. 27.03, subd. 9. Schueneman argued that the district court should

3

have imposed the presumptive guidelines sentence of 110 months because there "were no mitigating or aggravating factors." Schueneman requested that his sentence be reduced to 110 months.

In May 2014, Schueneman filed a second motion to reduce his sentence under Minn. R. Crim. P. 27.03, subd. 9. In this motion, Schueneman argued that the prosecutor "made several vital errors," including (1) refusing to complete a new criminal history worksheet before his 2010 motion to correct his sentence and (2) failing "to provide sufficient evidence to warrant an upward departure from the presumptive sentence." Schueneman also argued that there was no evidence the victim suffered great bodily harm.

The district court construed Schueneman's May 2014 motion as a motion for postconviction relief "claiming that [Schueneman's] sentence is illegal because the criminal history worksheet was wrong and there were insufficient facts to warrant an upward departure." The district court concluded that "[Scheuneman's] petition is time-barred" because he did not file it within two years of the supreme court's denial of further review on his previous postconviction petition. In addition, Scheuneman's "current petition alleges the same claim as [was] previously resolved" in his 2010 petition to correct his sentence. The district court denied Schueneman's postconviction petition to reduce his sentence. This appeal followed.[1]

---

[1] The state did not file a brief in this appeal, and we ordered the matter to be determined on the merits pursuant to Minn. R. Civ. App. P. 142.03.

4

**D E C I S I O N**

**I.    Construction of Schueneman's motion to correct his sentence as a motion for postconviction relief**

Schueneman first argues that the district court erred by construing his motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9 as a motion for postconviction relief.  Schueneman brought two motions to the district court "for reduction of sentence" under Minn. R. Crim. P. 27.03, subd. 9.

"The court may at any time correct a sentence not authorized by law.  The court may modify a sentence during a stay of execution or imposition of sentence if the court does not increase the period of confinement." Minn. R. Crim. P. 27.03, subd. 9.  An offender may file a motion to correct a sentence under this rule.  *See Washington v. State*, 845 N.W.2d 205, 210 (Minn. App. 2014) (explaining that "the supreme court has not prevented parties from invoking the rule by motion").

Alternatively, an offender may challenge a sentence in a petition for postconviction relief under Minnesota Statutes chapter 590.  Minn. Stat. § 590.01, subd. 1 (2012); *see Washington*, 845 N.W.2d at 210.  But "[n]o petition for postconviction relief may be filed more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a) (2012).  In addition, "matters raised or known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief." *Powers v. State*, 731 N.W.2d 499, 501 (Minn. 2007).

5

This court has recently explained that "an offender may not avoid the requirements of the postconviction act by simply labeling a challenge as a motion to correct sentence under rule 27.03, subdivision 9." *Washington*, 845 N.W.2d at 212. An offender may file a motion to correct a sentence under rule 27.03, subdivision 9 "only if the offender challenges the sentence on the ground that it is 'unauthorized by law' in the sense that the sentence is contrary to an applicable statute or other applicable law." *Id.* at 214. An offender who challenges a sentence "for any other reason" must do so under chapter 590. *Id.*

Here, Schueneman agreed to a sentence at the top of the sentencing range in exchange for the state's dismissal of the most serious charge. Schueneman's motion to correct his sentence affects both his sentence and his conviction because the state could seek to vacate Schueneman's conviction if we corrected Schueneman's sentence.[2] *See Orozco v. State*, 841 N.W.2d 632, 635, 637 (Minn. App. 2014) (finding that the district court correctly treated the offender's motion under rule 27.03, subdivision 9 as a petition for postconviction relief because the motion affected both the offender's sentence and his conviction), *review granted* (Minn. Mar. 18, 2014). In addition, Schueneman argued to the district court that his sentence was improper because there was no evidence that the victim suffered great bodily harm. This argument challenges Schueneman's conviction, rather than his sentence, and does not fall within rule 27.03, subdivision 9. *See*

---

[2] The district court corrected Schueneman's sentence in February 2010 because his original sentence was based on an erroneous criminal history score. Unlike Schueneman's current motion to correct his sentence, his previous request did not affect his conviction, and the district court's action was appropriate.

*Washington*, 845 N.W.2d at 216. The district court properly construed Schueneman's motion under rule 27.03, subdivision 9 as a motion for postconviction relief under chapter 590. *See Powers*, 731 N.W.2d at 501 n.2 (stating that Minn. Stat. § 590.01 "is broad enough to encompass a motion pursuant to Minn. R. Crim. P. 27.03").

## II. Denial of Schueneman's petition for postconviction relief

Schueneman next argues that the district court abused its discretion by denying his petition for postconviction relief. "We review a denial of a petition for postconviction relief for an abuse of discretion." *Gulbertson v. State*, 843 N.W.2d 240, 244 (Minn. 2014).

Schueneman voluntarily dismissed his direct appeal. He therefore had two years from the date of his conviction to file a petition for postconviction relief. *See* Minn. Stat. § 590.01, subd. 4(a) ("No petition for postconviction relief may be filed more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal."). The district court corrected Schueneman's sentence under rule 27.03, subdivision 9 on February 23, 2010. When the district court modifies an offender's sentence, the offender has "two years from the date of modification to file a postconviction petition for relief." *Pageau v. State*, 820 N.W.2d 271, 275 (Minn. App. 2012) (citing Minn. Stat. § 590.01, subds. 1, 4(a)(1)). Under *Pageau*, Schueneman had two years from the February 2010 correction of his sentence to file his postconviction petition. Because Schueneman did not file the current petitions until 2014, his requests for a correction of his sentence were untimely.

Untimely petitions may still be heard by a district court if the petitioner meets one of five statutory exceptions. Minn. Stat. § 590.01, subd. 4(b) (2012). Schueneman appears to argue that he has met the fifth exception, allowing the district court to consider a petition that "is not frivolous and is in the interests of justice." *See id.*, subd. 4(b)(5). Schueneman has the burden to establish "facts which warrant a reopening of the case." *State v. Rainer*, 502 N.W.2d 784, 787 (Minn. 1993). But Schueneman does not explain why addressing his postconviction petition (which raises arguments he has previously raised) falls within the interests-of-justice exception. Because Schueneman has not met his burden, the district court did not err in refusing to hear Schueneman's untimely petition in the interests of justice.

In addition to the timing requirement, the *Knaffla* rule states that "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). When an offender brings a petition for postconviction relief rather than a direct appeal, "matters raised or known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief." *Powers*, 731 N.W.2d at 501.

Schueneman argued to the district court that his sentence was improper because there was no evidence that the victim suffered great bodily harm. This court previously rejected Schueneman's argument that the factual basis for his plea failed to establish that the victim suffered great bodily harm. *Schueneman*, 2010 WL 5155276, at *1-2. Schueneman also argued to the district court that the record did not justify an upward

8

departure. But Schueneman did not receive an upward departure. He agreed to and received a sentence at the top of the presumptive sentencing range. Finally, Schueneman argued that the prosecutor erred by failing to create a new sentencing worksheet based on the parties' plea agreement. This argument was available and known to Schueneman at the time of his first postconviction petition and was previously addressed when the district court corrected Schueneman's sentence in 2010.

We conclude that Schueneman's 2014 petitions for postconviction relief are *Knaffla*-barred because he raises issues that he either previously raised or should have raised in his first petition for postconviction relief. *See Powers*, 731 N.W.2d at 501. "A claim is not barred by *Knaffla*, however, if (1) the claim is novel or (2) the interests of fairness and justice warrant relief." *Anderson v. State*, 811 N.W.2d 632, 634 (Minn. 2012). Schueneman's claims are not novel because he has raised them or could have raised them in his earlier postconviction petition. *See Powers v. State*, 688 N.W.2d 559, 561 (Minn. 2004) ("To justify a hearing on a novel legal issue, the claim must be so novel that its legal basis was not reasonably available to counsel at the time the direct appeal was taken."). And Schueneman's claims should not be heard in the interests of justice because they have no "substantive merit." *See id.* The district court did not abuse its discretion by denying Schueneman's petition for postconviction relief.

III. **Schueneman's due-process rights**

Schueneman also suggests that the district court denied him due process by (1) construing his motion to reduce his sentence under Minn. R. Crim. P. 27.03, subd. 9 as a motion for postconviction relief and (2) denying him a hearing on this motion.

The Minnesota Constitution states that "[n]o person . . . shall be deprived of life, liberty or property without due process of law." Minn. Const. art. I, § 7. The United States Constitution similarly states that "[n]o state shall . . . deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to assert a procedural due-process claim, "a person must establish the loss of a protectable liberty or property interest." *State v. Grigsby*, 818 N.W.2d 511, 517 (Minn. 2012). "Due process requires only that every defendant be afforded a meaningful opportunity to present a complete defense." *Carlton v. State*, 816 N.W.2d 590, 614 (Minn. 2012) (quotation omitted). Schueneman's due-process argument raises a constitutional-law question, which we review de novo. *See Grigsby*, 818 N.W.2d at 517.

As stated above, the district court properly construed Schueneman's motion to correct his sentence under rule 27.03, subdivision 9 as a petition for postconviction relief. *See Washington*, 845 N.W.2d at 214-15. Because claims improperly filed under rule 27.03, subdivision 9 *must* be analyzed under chapter 590, *see id.* at 215, Schueneman cannot show that an analysis under chapter 590 violates his due-process rights.

In addition, a district court can deny a hearing on a postconviction petition if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2012). We review a district court's decision to deny a postconviction hearing for an abuse of discretion. *State v. Vang*, 847 N.W.2d 248, 266 (Minn. 2014). The district court determined that a hearing was unnecessary because Schueneman's petition was time-barred. Based on our above analysis, we agree that the district court was not required to hold an evidentiary hearing

10

on Schueneman's untimely petition.  *See* Minn. Stat. § 590.04, subd. 1.  The district court's discretionary decision not to hold an evidentiary hearing did not violate Schueneman's due-process rights.

## IV.    Cruel and unusual punishment

Finally, Schueneman argues that the district court's denial of an evidentiary hearing amounts to cruel and unusual punishment.  But Schueneman provides no legal analysis or citations to support this argument.  We therefore decline to address the merits of this argument.  *See Ganguli v. Univ. of Minn.*, 512 N.W.2d 918, 919 n.1 (Minn. App. 1994) (declining to address constitutional arguments due to inadequate briefing).

**Affirmed.**