*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0788**

Lovell Nahmor Oates, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 22, 2016
Affirmed
Johnson, Judge**

Hennepin County District Court
File No. 27-CR-98-124740

Lovell Nahmor Oates, Lino Lakes, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany D. Lawonn, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Connolly, Judge; and Klaphake, Judge.[*]

_____

*Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**JOHNSON**, Judge

In 1999, a Hennepin County jury found Lovell Nahmor Oates guilty of second-degree murder and second-degree assault. In 2015, Oates filed a document that was styled as a motion to correct sentence, in which he asserted four claims. The district court construed the filing to be a postconviction petition and denied relief on the ground that Oates's request for relief is untimely and procedurally barred. We affirm.

**FACTS**

In September 1998, Oates killed one person and injured two others with a handgun at the South Beach nightclub in downtown Minneapolis. *State v. Oates*, 611 N.W.2d 580, 582-83 (Minn. App. 2000), *review denied* (Minn. Aug. 22, 2000). In May 1999, a jury found him guilty of one count of second-degree murder and four counts of second-degree assault. *Id.* at 583. In June 1999, the district court imposed sentences of 306 months of imprisonment on the murder offense and 36 months of imprisonment on each of the assault offenses. *Id.* The district court ordered two of the assault sentences to run consecutively to the murder sentence and two of the assault sentences to run concurrently with the murder sentence. *Id.* Accordingly, Oates was required to serve a term of imprisonment of 378 months. *See id.* The district court also imposed a fine of $10,000. This court affirmed Oates's convictions and sentences on direct appeal. *Id.* at 587.

Between 2002 and 2012, Oates brought six collateral attacks on his convictions and sentences. Each time, the postconviction court denied relief, and this court affirmed. *See Oates v. State*, No. C7-02-2269, 2003 WL 21911197 (Minn. App. Aug. 12, 2003); *Oates*

*v. State*, No. A04-1749, 2005 WL 1545431 (Minn. App. July 5, 2005), *review denied* (Minn. Aug. 24, 2005) (considering second and third postconviction actions); *Oates v. State*, No. A06-1279 (Minn. App. Aug. 1, 2007) (order op.), *review denied* (Minn. Jan. 29, 2008); *Oates v. State*, No. A07-2169, 2008 WL 5396824 (Minn. App. Dec. 30, 2008), *review denied* (Minn. Mar. 17, 2009); *Oates v. State*, No. A12-0625, 2012 WL 6554531 (Minn. App. Dec. 17, 2012).

In January 2015, Oates filed the document that is the basis of this appeal. Oates captioned his filing, "motion to correct or reduce unlawful sentence." *See* Minn. R. Crim. P. 27.03. subd. 9. In his motion, Oates sought relief on several grounds. In April 2015, the district court denied relief without an evidentiary hearing. The district court construed Oates's motion to be a petition for postconviction relief and reasoned that the petition is both untimely and procedurally barred. Oates appeals.

## D E C I S I O N

Oates argues that the district court erred by denying his motion to correct sentence. Specifically, he argues that the district court improperly construed his motion to be a postconviction petition and, thus, erred by denying relief on the ground that his request is untimely and procedurally barred. Oates also argues that he is entitled to relief on the merits for four reasons.

We begin by considering whether the district court properly construed Oates's motion to be a postconviction petition. A district court "may at any time correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. Accordingly, an offender may obtain a correction of his or her sentence by filing a motion to correct sentence. *See, e.g.*,

3

*Townsend v. State*, 834 N.W.2d 736, 739 (Minn. 2013); *Johnson v. State*, 801 N.W.2d 173, 175 (Minn. 2011). An offender also may challenge his or her sentence in a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1(1) (2014). This court has stated that the "remedy in rule 27.03, subdivision 9, . . . coexist[s] with the postconviction remedy." *Vazquez v. State*, 822 N.W.2d 313, 317 (Minn. App. 2012).

The two means of challenging a sentence are subject to different procedural requirements, two of which are relevant to this case. First, as a general rule, an offender must file a postconviction petition within two years of the date when the judgment of conviction became final. Minn. Stat. § 590.01, subd. 4(a); *Hooper v. State*, 838 N.W.2d 775, 780-82 (Minn. 2013). Second, an offender may not file a postconviction petition to assert a claim that previously was raised on direct appeal or that could have been but was not raised on direct appeal. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976); *see also Quick v. State*, 757 N.W.2d 278, 280 (Minn. 2008). Similarly, "matters raised or known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief." *Powers v. State*, 731 N.W.2d 499, 501 (Minn. 2007).

This court has held that "the two-year time limit [in section 590.01, subdivision 4(a)] does not apply to motions properly filed under" rule 27.03, subdivision 9. *Vazquez*, 822 N.W.2d at 318. This court also has held that a motion properly filed under rule 27.03, subdivision 9, is not barred by the rule against second or successive postconviction petitions. *State v. Amundson*, 828 N.W.2d 747, 751-52 (Minn. App. 2013) (citing Minn. Stat. § 590.04, subd. 3); *see also State v. Stutelberg*, 435 N.W.2d 632, 634-35 (Minn. App.

4

1989); *cf. Townsend*, 834 N.W.2d at 739 ("We have not yet addressed whether the statutory time bar under section 590.01, subdivision 4(a)(2) or the procedural bar under *Knaffla* apply to a motion to correct a sentence under rule 27.03, subdivision 9.").

A district court may, in some situations, recharacterize a motion to correct sentence as a postconviction petition. The supreme court has approved of such a recharacterization, albeit on case-specific grounds. *See Bonga v. State*, 765 N.W.2d 639, 642-43 (Minn. 2009); *Powers*, 731 N.W.2d at 501 n.2. This court, however, has limited the discretion of a district court to treat a motion to correct sentence as a postconviction petition. We have held that a district court may not apply the procedural rules and limitations of chapter 590 if an offender has properly invoked the remedy available in rule 27.03, subdivision 9. *See Amundson*, 828 N.W.2d at 751; *Vazquez*, 822 N.W.2d at 318-20. But we also have held that an offender's challenge to a sentence is "properly filed" under rule 27.03, subdivision 9, only in limited circumstances: "only if the offender challenges the sentence on the ground that it is 'unauthorized by law' in the sense that the sentence is contrary to an applicable statute or other applicable law." *Washington v. State*, 845 N.W.2d 205, 214 (Minn. App. 2014).

Because Oates challenges his sentence on four grounds, we will separately consider whether each ground is properly filed under rule 27.03, subdivision 9. *See id.* at 214-16. If so, we will consider the merits of the claim; if not, we will consider whether the district court erred by concluding that the claim is time-barred and procedurally barred.

5

## A.     Criminal History Score

Oates's first claim is that the district court erred "by failing to review the sentencing record to discover how petitioner received 3.5 criminal history points." He contends that he did not have a criminal history. Oates does not argue that his sentence is "'unauthorized by law' in the sense that the sentence is contrary to an applicable statute or other applicable law." *See Washington*, 845 N.W.2d at 214. Rather, his particular challenge to his criminal-history score is based on "a fact-based challenge to the record of the sentencing hearing." *See id.* at 214-15. Thus, Oates's first claim is not properly filed under rule 27.03, subdivision 9. *See id.* at 215. For that reason, the district court properly construed the claim to be a claim seeking postconviction relief.

Because Oates's first claim is properly characterized as seeking postconviction relief, we next consider whether the claim is time-barred and procedurally barred. Oates sought postconviction relief in January 2015, more than 14 years after the conclusion of his direct appeal. Oates has not attempted to invoke any of the exceptions to the two-year limitations period. *See* Minn. Stat. § 590.01, subd. 4(b). Thus, Oates's first claim is an untimely request for postconviction relief. *See id.*, subd. 4(a).

In addition, Oates could have challenged his criminal-history score on direct appeal or in a prior postconviction petition. His failure to do so precludes him from asserting that claim now. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741; *Powers*, 731 N.W.2d at 501. Oates has not attempted to invoke any of the exceptions to the *Knaffla* rule. *See, e.g.*, *Erickson v. State*, 842 N.W.2d 314, 318-19 (Minn. 2014). Thus, Oates's first claim is

procedurally barred. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741; *Powers*, 731 N.W.2d at 501.

**B.      Application of Jail Credit**

Oates's second claim is that the district court erred "by failing to address the issue of petitioner receiving his 223 days of jail credit to his sentence." In his second claim, Oates does not argue that his sentence is "'unauthorized by law' in the sense that the sentence is contrary to an applicable statute or other applicable law." *See Washington*, 845 N.W.2d at 214. In fact, Oates does not actually challenge the district court's award of jail credit at the time of sentencing. Rather, he challenges administrative actions taken by the department of corrections after his sentencing. Thus, Oates's second claim is not properly filed under rule 27.03, subdivision 9. *See id.* at 215-16. For that reason, the district court properly construed the claim to be a claim seeking postconviction relief. For the reasons stated above with respect to Oates's first claim, the second claim is an untimely request for postconviction relief and is procedurally barred. *See* Minn. Stat. § 590.01, subd. 4(a); *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741; *Powers*, 731 N.W.2d at 501.

**C.      Length of Incarceration**

Oates's third claim is that the district court erred "by failing [to] address the issue of the DOC sentencing worksheet," which, he asserts, suggested a sentence longer than what the district court actually imposed. In his third claim, Oates does not argue that his sentence is "'unauthorized by law' in the sense that the sentence is contrary to an applicable statute or other applicable law." *See Washington*, 845 N.W.2d at 214. Furthermore, this court has held that an error in the sentencing worksheet is not an error in the judgment if

7

the district court did not rely on or adopt the sentencing worksheet. *State v. Walsh*, 456 N.W.2d 442, 443-44 (Minn. App. 1990) (applying rule 27.03, subdivision 10). Accordingly, an error in the sentencing worksheet is not a basis for relief under rule 27.03, subdivision 9, because the district court did not rely on the sentencing worksheet when imposing the sentences. Thus, Oates's third claim is not properly filed under rule 27.03, subdivision 9. *See Washington*, 845 N.W.2d at 215. For that reason, the district court properly construed the claim to be a claim seeking postconviction relief. For the reasons stated above with respect to Oates's first claim, the third claim is an untimely request for postconviction relief and is procedurally barred. *See* Minn. Stat. § 590.01, subd. 4(a); *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741; *Powers*, 731 N.W.2d at 501.

**D.     Payment of Fine**

Oates's fourth claim is that the district court erred "by allowing the DOC to continue to take funds from petitioner when the record demonstrates [his fine] is paid in full." In his fourth claim, Oates does not argue that his sentence is "'unauthorized by law' in the sense that the sentence is contrary to an applicable statute or other applicable law." *See Washington*, 845 N.W.2d at 214. In fact, Oates does not actually challenge the district court's imposition of a fine at the time of sentencing. Rather, he challenges administrative actions taken by the department of corrections after his sentencing. Thus, Oates's fourth claim is not properly filed under rule 27.03, subdivision 9. *See id.* at 215-16. For that reason, the district court properly construed the claim to be a claim seeking postconviction relief. For the reasons stated above with respect to Oates's first claim, the fourth claim is an untimely request for postconviction relief and is procedurally barred. *See* Minn. Stat.

8

§ 590.01, subd. 4(a); *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741; *Powers*, 731 N.W.2d at 501.

In sum, the district court did not err by denying Oates's request for relief.

**Affirmed.**