*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0956**

Willie James Patterson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 21, 2016
Affirmed
Kirk, Judge**

Hennepin County District Court
File No. 27-CR-11-30153

Willie James Patterson, Faribault, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

Appellant challenges the denial of his second petition for postconviction relief, arguing that either *Knaffla* does not bar his claim of ineffective assistance of counsel or the

interests-of-justice exception applies. He also contends that the postconviction court should have appointed counsel to assist him with filing his petition. We affirm.

**FACTS**

Respondent State of Minnesota charged appellant Willie James Patterson with first-degree and second-degree assault. On September 21, 2011, the day before trial was scheduled to commence, appellant signed a plea petition provided by his trial counsel. In court the next morning, in appellant's presence, the prosecutor informed the district court that the parties had been "unable to resolve the case" and that the state was "prepared for trial." Appellant's trial counsel stated, "[W]e are prepared to proceed to trial."

After jury selection had begun, the state informed the district court that the victim had failed to appear for trial. Appellant's counsel objected to a continuance, repeating that they were prepared for trial. When the victim had still not appeared by later that morning, the state dismissed the case without prejudice under Minn. R. Crim. P. 30.01.

Later that month, the state recharged appellant with the same crimes. The morning trial was scheduled to commence in December 2011, the district court discussed a possible bench trial with appellant. The district court clearly informed appellant that he would need to consent to a bench trial and asked if he had any questions. Appellant acknowledged this information and asked nothing. He stated that he would like to "proceed with a jury trial." The jury found appellant guilty of first-, second-, and third-degree[1] assault.

---

[1] The third-degree assault charge was added as a lesser-included offense, at appellant's request.

2

Appellant directly appealed his conviction, arguing that the district court abused its discretion by admitting identification evidence and by declining to admit reverse-*Spreigl* evidence. *See State v. Patterson*, No. A12-0476, 2013 WL 776756, at *1-4 (Minn. App. Mar. 4, 2013), *review denied* (Minn. May 29, 2013). On appeal, he was represented by a public defender. We affirmed his conviction. *Id.* at *4.

In August 2013, appellant filed a pro se petition for postconviction relief with the district court. By letter in October 2013, appellant's former appellate counsel informed him that counsel had recently located the plea petition from September 2011, which had been missing from the file. He wrote that he had emailed it to the district court, which responded that it "had to receive it attached to a new petition or in a letter addressed to the [j]udge and his clerk." His former counsel asked appellant to call him if he wanted counsel to take further action. Counsel attached a copy of the plea petition to the letter.

In January 2014, the district court denied appellant's petition for postconviction relief without a hearing, concluding that some of his claims were barred by *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), and that his other arguments lacked merit. Appellant appealed the decision pro se, arguing that his claims were not *Knaffla*-barred and that he was denied effective assistance of appellate counsel. *See Patterson v. State*, No. A14-0146, 2014 WL 4176113, at *1-3 (Minn. App. Aug. 25, 2014), *review denied* (Minn. Nov. 18, 2014). We affirmed his conviction again. *Id.* at *3.

In February 2015, appellant filed a second pro se postconviction petition with the district court, arguing that he had received ineffective assistance by trial and appellate counsel. The district court denied the petition without a hearing. This appeal follows.

3

**D E C I S I O N**

**I.** **The district court did not abuse its discretion in determining that *Knaffla* barred appellant's claims of ineffective assistance of counsel and that the interests-of-justice exception did not apply.**

A criminal defendant is entitled to relief for ineffective assistance of counsel if he proves that the "representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Fields v. State*, 733 N.W.2d 465, 468 (Minn. 2007) (internal quotation marks omitted) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052 (1984)). Representation is objectively reasonable when counsel "exercis[es] the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *State v. Gassler*, 505 N.W.2d 62, 70 (Minn. 1993). Counsel's performance is presumed to be reasonable. *Schneider v. State*, 725 N.W.2d 516, 521 (Minn. 2007).

A defendant is entitled to one "review by an appellate or postconviction court." *McDonough v. State*, 675 N.W.2d 53, 57 (Minn. 2004). Postconviction relief is procedurally barred as to claims raised or known but not raised in a direct appeal or in a previous postconviction petition. *Knaffla*, 309 Minn. at 253, 243 N.W.2d at 741; *Spears v. State*, 725 N.W.2d 696, 700 (Minn. 2006). However, the *Knaffla* rule does not apply: "(1) if a novel legal issue is presented, or (2) if the interests of justice require review." *Powers v. State*, 731 N.W.2d 499, 502 (Minn. 2007).

"In postconviction proceedings, the burden is on the petitioner to establish, by a fair preponderance of the evidence, facts that warrant relief." *Williams v. State*, 692 N.W.2d

4

893, 896 (Minn. 2005). We review the denial of a petition for postconviction relief for an abuse of discretion. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). We review issues of law de novo and the postconviction court's findings of fact for clear error. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).

In his pro se brief, appellant argues that either *Knaffla* does not bar his claims of ineffective assistance of counsel, or the interests-of-justice exception applies because the plea petition was lost, and the district court requested that a copy of the petition be submitted in October 2013. He asserts that there is no evidence that he consented to a trial, and to do so would be illogical the day after he signed the plea petition. He also asserts: (1) that he lacked the knowledge to submit a pro se supplemental brief on direct appeal, (2) that his former appellate attorney refused to prepare the plea petition for review by the district court, and (3) that he was unaware that his trial counsel never presented the plea petition to the prosecutor or district court before trial. These arguments are unavailing.

As the district court found, the record shows that appellant knew but did not raise his plea-petition claim at the time of both the direct appeal and the first postconviction proceeding. The day after appellant signed the plea petition, he was present during a hearing in which the prosecutor stated that the parties had not resolved the case and the attorneys asserted that the parties were prepared for trial. Appellant then witnessed jury selection for the first scheduled trial, explicitly consented to a jury trial on the record in December 2011, and, in fact, had a jury trial immediately thereafter.

Certainly by the point of the direct appeal, appellant was aware of the facts necessary to assert that the parties had, or should have had, a plea agreement that would

5

have obviated the need for a trial. Although the record lacks evidence as to when the plea petition went missing, documentary evidence of the petition was unnecessary to raise the issue on direct appeal or in the first postconviction relief petition. Notably, by letter in September 2012, appellant's then-appellate counsel informed him how to file a pro se supplemental brief on direct appeal.

Other than the copy of the plea petition, appellant does not allege that he learned or gained any evidence in support of his claim after the direct appeal or first postconviction proceeding. Moreover, appellant received the plea petition prior to the district court's decision on his first petition for postconviction relief and declined an opportunity to properly submit it to the district court for consideration at that time. Because his former appellate counsel did not represent appellant in the postconviction relief proceedings, his failure to resubmit the petition in the form requested could not have constituted ineffective assistance of counsel.

Appellant has failed to produce any evidence indicating that his trial counsel neglected to present the terms of the plea petition to the state, or that, had she done so, the state would have agreed to them. Therefore, the district court did not abuse its discretion in finding that appellant failed to show that his counsel's representation, both at trial and on appeal, fell below an objective standard of reasonableness, or that there is a reasonable probability that, but for any error, the results of the proceedings would have been different.

For these reasons, the district court did not abuse its discretion in concluding that *Knaffla* barred appellant's second postconviction petition and that the interests of justice do not require review. *See Powers*, 731 N.W.2d at 502.

6

**II.    The district court did not err in failing to appoint counsel to assist appellant with his second petition for postconviction relief.**

A "defendant's right to the assistance of counsel under Article I, section 6 of the Minnesota Constitution extends to one review of a criminal conviction, whether by direct appeal or a first review by postconviction proceeding." *Deegan v. State*, 711 N.W.2d 89, 98 (Minn. 2006). Likewise, an indigent defendant has a statutory right to counsel when pursuing postconviction relief as follows:

> A person financially unable to obtain counsel who desires to pursue the remedy provided in section 590.01 may apply for representation by the state public defender. The state public defender shall represent such person under the applicable provisions of sections 611.14 to 611.27, *if* the person has not already had a direct appeal of the conviction.

Minn. Stat. § 590.05 (2014) (emphasis added).

Appellant argues that the district court erred in failing to appoint counsel to assist with his second petition for postconviction relief. Because the state public defender represented him in his direct appeal, he was not entitled to appointed counsel. *See* Minn. Stat. § 590.05; *Deegan*, 711 N.W.2d at 98. Therefore, the district court did not err in failing to do so.

**Affirmed.**