STATE of Minnesota, Respondent,

v.

Kenneth L. NESLER, Appellant.

No. C9–85–1327.

Court of Appeals of Minnesota.

Nov. 19, 1985.

Review Denied Jan. 17, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Julius E. Gernes, Winona Co. Atty., Terrence E. Bishop, Asst. Co. Atty., Winona, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

In this sentencing appeal the defendant challenges both the dispositional and durational departure of sentence following his conviction of assault in the third degree, Minn.Stat. § 609.223 (1984). We find the court justified in departing, and we affirm.

## FACTS

Appellant met Karen Ashelin in a Winona bar on November 13, 1984. Appellant had previously lived with Ashelin, but their relationship was a stormy one, filled with many episodes of appellant physically assaulting her. In January 1984 Ashelin obtained a protective order which prohibited appellant from entering her home.

Ashelin claimed appellant became upset with her when she ignored him in the bar that night. She left the bar and entered her car, but appellant entered the passenger side of the car and asked if he could go home with her. When Ashelin replied no, appellant stated, "[i]f I can't have you, no one is ever going to look at you again," and struck her face. Appellant grabbed her keys and drove to a secluded spot in Prairie Island.

In Prairie Island appellant began beating Ashelin about the face and head. Ashelin ran from the car but appellant knocked her down, kicked her in the legs and back, and dragged her by her hair back to the car. After she was thrown in the car Ashelin locked the doors, but appellant broke a window by kicking it in. He drove back to Winona and told Ashelin he was going to kill her. Instead, he drove her home. Ashelin, unable to get out of the car because of her injuries, was carried into the house. Immediately after appellant left, she called the police.

Appellant was charged with assault in the third degree, kidnapping, false imprisonment, terroristic threats and violation of the protective order. Appellant pleaded guilty to assault in the third degree and the State dismissed all other charges. At his guilty plea hearing appellant admitted striking Ashelin in the face but denied kicking her, dragging her by her hair or forcing her to go to Prairie Island against her will. The presumptive sentence was 18 months stayed, based on a severity level IV offense and a criminal history score of 2. The trial court sentenced appellant to an executed term of 27 months, citing the following departure reasons:

Reasons for dispositional departure:

1. The defendant is presently unamenable to probation. He is not presently amenable to treatment (chemical dependency, anger, behavioral modification) upon which probation would necessarily be conditioned.

2. The defendant is a pattern domestic abuser who is presently, unless and until effectively treated, likely to repeat his criminal assaultive conduct.

Reasons for durational departure:

1. The defendant subjected the victim, Karen Ashelin, to particular cruelty over an extended period of time, of a nature and extent far beyond the usual case of third degree assault, and substantially exceeding the essential element of the crime.

2. The. victim, Karen Ashelin, sustained serious injuries and, on at least 3 prior occasions (on or about August 8, 1983; September 20, 1983; and June 14, 1984) the defendant has been convicted of crimes (albeit misdemeanors) in which his victims were physically injured.

## ISSUE

Did the trial court abuse its discretion in its dispositional and durational departure?

## ANALYSIS

■ 1. Contrary to appellant's assertions the record supports the court's dispositional departure based on his unamenability to probation and his likelihood of repeating his assaultive behavior.

In considering dispositional departures, the court can focus more on the defendant as an individual and on whether the presumptive sentence would be best for him and for society. *State v. Heywood,* 338 N.W.2d 243, 244 (Minn.1983). In the present case, appellant has had numerous failures in chemical dependency treatment programs. *See Jackson v. State,* 329 N.W.2d 66, 67 (Minn.1983). In addition, appellant's history shows a repeated pattern of domestic abuse, reflected in numerous domestic abuse assaults and complaints made by Ashelin between August 1983 and August 1984. *See State v. Andren,* 347 N.W.2d 846, 848 (Minn.Ct.App.1984). In sum, the trial court did not abuse its discretion in departing dispositionally and sentencing appellant to prison.

■ 2. Similarly, contrary to appellant's assertions the record supports the nine-month upward durational departure in this case. The trial court has discretion to depart from the presumptive sentence when the offense involves substantial and compelling circumstances. *State v. Garcia,* 302 N.W.2d 643 (Minn.1981). "Substantial and compelling circumstances are those circumstances that make the facts of a particular case different from a typical case." *State v. Peake,* 366 N.W.2d 299, 301 (Minn.1985). The victim here was

treated with particular cruelty. She was held captive for several hours and taken to a remote spot where she was beaten repeatedly, kicked and dragged by the hair. We do not think appellant's conduct was a typical case of assault in the third degree.

 Appellant's argument that his conduct underlying the offense should not be considered because he denied committing most of the alleged acts is without merit. In *State v. Winchell,* 363 N.W.2d 747 (Minn.1985) the supreme court rejected an identical claim made by the defendant. The court's comments are particularly appropriate:

> But a defendant, by minimizing his guilt in his testimony at the time he pleaded guilty, may not thereby bind the court to his version of the facts. * * * The fact that a defendant attempts to plead not very guilty in pleading guilty ordinarily does not limit the trial court in its findings of fact at the subsequent sentencing hearing. * * *
>
> The trial court clearly was not required to accept defendant's version of the crime, which downplayed its seriousness.

*Id.* at 749.

The supreme court also distinguished *State v. Womack,* 319 N.W.2d 17 (Minn. 1982), the case relied upon by appellant. Under *Winchell,* the trial court properly considered the entire incident including the victim's version of the events as she testified to at the sentencing hearing.

Because of our decision, we need not consider whether the trial court properly relied on appellant's prior misdemeanor convictions involving acts of physical violence and injury to the victim under Minnesota Sentencing Guidelines II.D.2.b(3).

## DECISION

Substantial and compelling circumstances existed to justify a trial court's dispositional and durational departure.

Affirmed.