**Daniel Leonard ANDERSON, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A11–1006.**

Supreme Court of Minnesota.

March 28, 2012.

Deborah Ellis, Susan Johnson, Ellis Law Office, St. Paul, MN; and Jennifer MacAulay, MacAulay Law Offices, Ltd., St. Paul, MN, for appellant.

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, St. Paul, MN; and Timothy E.J. Fox, Wilkin County Attorney, Breckenridge, MN, for respondent.

## OPINION

PAGE, Justice.

Appellant Daniel Leonard Anderson was indicted for, tried, and found guilty of first-degree domestic abuse murder, Minn. Stat. § 609.185(a)(6) (2010),[1] and second-degree felony murder, Minn.Stat. § 609.19, subd. 2(1) (2010), for the death of his girlfriend's 19–month–old son. The district court convicted Anderson on the first-degree murder offense and imposed a sentence of life imprisonment. We affirmed on direct appeal. *See State v. Anderson*, 763 N.W.2d 9, 10 (Minn.2009). In this, his first postconviction petition, Anderson argued to the postconviction court that it was error for the State to indict him under the domestic abuse murder statute. He contended that he should have been indicted under what he claims to be the more specific child abuse murder statute. *See* Minn.Stat. § 609.185(a)(5) (2010).[2] The

postconviction court denied relief without a hearing, reasoning that the claim was *Knaffla*-barred and that no exception to *Knaffla* applied. *See State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). We affirm.

The facts underlying this case are fully discussed in our opinion affirming Anderson's conviction on direct appeal. *See Anderson*, 763 N.W.2d at 10–12. We nonetheless include a brief discussion of the facts here for context. Anderson was convicted of killing his girlfriend's 19–month–old son, A.G.; A.G. was not Anderson's biological son. *Id.* at 10. At the time of A.G.'s death, Anderson, his girlfriend, and A.G. were living with Anderson's parents. *Id.* A.G. died as a result of blunt force trauma to his head, which A.G. sustained while under Anderson's supervision.

In order to convict Anderson under either the domestic abuse murder statute or the child abuse murder statute, the State had to prove, among other things, that Anderson had engaged in a past pattern of abuse. *See* Minn.Stat. § 609.185(a)(5)-(6). At trial, the State introduced evidence of separate incidents of past domestic abuse by Anderson, including one incident involving abuse of A.G., to prove Anderson had committed a past pattern of domestic abuse. *See Anderson*, 763 N.W.2d at 13–16.

---

1. Whoever does any of the following is guilty of murder in the first degree and shall be sentenced to imprisonment for life: ... (6) causes the death of a human being while committing domestic abuse, when the perpetrator has engaged in a past pattern of domestic abuse upon the victim or upon another family or household member and the death occurs under circumstances manifesting an extreme indifference to human life.
Minn.Stat. § 609.185(a)(6).

2. Whoever does any of the following is guilty of murder in the first degree and shall be sentenced to imprisonment for life: ... (5) causes the death of a minor while committing child abuse, when the perpetrator has engaged in a past pattern of child abuse upon a child and the death occurs under circumstances manifesting an extreme indifference to human life.
Minn.Stat. § 609.185(a)(5).

On direct appeal, Anderson challenged the admission of three of the incidents the State introduced to establish the past pattern of domestic abuse. *Id.* at 13. As to the first incident—that Anderson once dragged his girlfriend out of a bar—we held that the incident was relevant to establish a past pattern of domestic abuse and that the probative value of the evidence was not substantially outweighed by the potential for unfair prejudice to Anderson. *Id.* at 14. As to the second and third incidents—involving an altercation between Anderson and a former girlfriend and an altercation between Anderson and his brother—we held that even if the admission of those incidents was erroneous, it was harmless. *Id.* at 16. We also held that Anderson had waived his pro se claims. *Id.* at 17.

Anderson filed the present petition for postconviction relief on March 25, 2011, arguing that the State erroneously indicted Anderson under the domestic abuse murder statute, when it should have indicted him under what he claims to be the more specific child abuse murder statute. He contends that, "[h]istorically, convictions under the general statutory provision (609.185(a)(6)) apply to those cases where a minor is *not* the alleged victim." The postconviction court denied relief, holding that the claim was *Knaffla*-barred. Anderson subsequently filed a motion to reconsider, arguing that the interests-of-justice exception to *Knaffla* applied, but Anderson provided no reasoning to support that argument. The postconviction court denied Anderson's motion to reconsider and Anderson appealed to our court.

■ A petitioner is entitled to a hearing on a petition for postconviction relief "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1

(2010). Under *Knaffla*, a petition for postconviction relief raising claims that were raised on direct appeal or that were known or should have been known but were not raised by the petitioner at the time of direct appeal is procedurally barred. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. A claim is not barred by *Knaffla*, however, if (1) the claim is novel or (2) the interests of fairness and justice warrant relief. *Powers v. State*, 688 N.W.2d 559, 561 (Minn.2004). "Claims decided in the interests of justice require that the claims have substantive merit and that the defendant did not deliberately and inexcusably fail to raise the issue on direct appeal." *Deegan v. State*, 711 N.W.2d 89, 94 (Minn. 2006) (citation omitted) (quoting *Powers*, 688 N.W.2d at 561; *Fox v. State*, 474 N.W.2d 821, 825 (Minn.1991)) (internal quotation marks omitted). The claim here was either known or should have been known at the time of Anderson's direct appeal and could have been raised at that time. Therefore, the claim is *Knaffla*-barred unless it fits under one of the *Knaffla* exceptions.

■ Anderson's petition is not saved by either exception to the *Knaffla* bar. As an initial matter, Anderson does not argue that the issue he raises is novel, and, on the record before us, we can find no basis to conclude that his claim is novel. Nor is there any basis to conclude that the interests-of-justice exception warrants consideration of his claim. Anderson has articulated no reason why he did not raise this claim on direct appeal and we can discern none from the record. Thus, Anderson has not shown and indeed cannot show that he did not deliberately and inexcusably fail to raise the issue on direct appeal. Absent such a showing, the interests-of-justice exception cannot apply. Because the postconviction court properly concluded that Anderson's claim was *Knaffla*-

barred, we affirm the postconviction court's denial of Anderson's petition for postconviction relief.[3]

Affirmed.

---

**3.** While we do not reach the substantive merits of Anderson's claim, we note that Minn. Stat. § 609.185(a)(5) and (6) do not appear to be irreconcilable or in conflict. Section 609.185(a)(5) punishes child abuse murder no matter who the perpetrator or the child is so long as the perpetrator has engaged in a past pattern of child abuse upon a child and the victim is a minor. Section 609.185(a)(6) punishes those who murder a family or household member (whether or not the victim is a child)

if the perpetrator has engaged in a past pattern of domestic abuse upon family or household members. *See State v. Asfeld,* 662 N.W.2d 534, 542 (Minn.2003) ("With the domestic abuse murder statute, the legislature sought to penalize the repeat abuser who engages in a history of serial acts of violence against those with whom he lives. . . ."). Further, we note that the punishment for a conviction under either provision is the same.