*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2415**

Joseph Anthony Roberson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 4, 2014
Affirmed
Schellhas, Judge**

Hennepin County District Court
File No. 27-CR-10-21639

Joseph Anthony Roberson, Red Wing, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Peterson, Judge; and Connolly, Judge.

## U N P U B L I S H E D   O P I N I O N

**SCHELLHAS**, Judge

Pro se appellant challenges the postconviction court's denial of relief, arguing for reversal of his conviction based on (1) ineffective assistance of appellate counsel on

direct appeal, (2) procedural and evidentiary errors by the district court, and (3) prosecutorial and judicial misconduct. We affirm.

## FACTS

In May 2010, respondent State of Minnesota charged appellant Joseph Roberson with first-degree controlled-substance crime. Although initially represented by counsel, Roberson proceeded pro se. In August 2010, the state amended the complaint by decreasing the weight of the drugs alleged and substituting charges of second-degree and fifth-degree controlled-substance crimes for the charge of first-degree controlled-substance crime. The jury found Roberson guilty of both charges. Represented by counsel, Roberson appealed, arguing that the state lacked probable cause for his arrest and that certain evidence therefore should have been suppressed as fruit of an unlawful arrest. This court affirmed. *State v. Roberson*, No. A11-679, 2012 WL 1149336, at *1 (Minn. App. Apr. 9, 2012), *review denied* (Minn. June 27, 2012). The facts are not repeated here.

Roberson petitioned for postconviction relief, and the postconviction court summarily denied the petition. This appeal follows.

## D E C I S I O N

A petitioner is entitled to a hearing on a petition for postconviction relief "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2012). "[Appellate courts] review a postconviction court's factual determinations under a clearly erroneous standard, but review the postconviction court's legal conclusions de novo." *Gulbertson v.*

*State*, 843 N.W.2d 240, 244 (Minn. 2014). Appellate courts will reverse the denial of postconviction relief only if the district court has abused its discretion. *Id.*

Here, the postconviction court concluded that the majority of issues raised by Roberson were barred by *Knaffla*. As to Roberson's claim that he received ineffective assistance of appellate counsel, the court concluded that Roberson was not entitled to relief, noting that Roberson "relie[d] only on the [appellate counsel's] failure to appeal adverse pre-trial and evidentiary rulings as [a] basis for his ineffective assistance of counsel argument"; Roberson "[did] not allege any facts which, if proven, would have led the Court to reach a different result"; and Roberson "also failed to provide any case law which would suggest the trial court's rulings were incorrect or that [Roberson]'s appellate attorney's performance was unreasonable."

Under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (Minn. 1976), "a petition for postconviction relief raising claims that were raised on direct appeal or that were known or should have been known but were not raised by the petitioner at the time of direct appeal is procedurally barred." *Anderson v. State*, 811 N.W.2d 632, 634 (Minn. 2012). "A claim is not barred by *Knaffla,* however, if (1) the claim is novel or (2) the interests of fairness and justice warrant relief." *Id.* "Claims decided in the interests of justice require that the claims have substantive merit and that the defendant did not deliberately and inexcusably fail to raise the issue on direct appeal." *Id.* (quotation omitted).

Roberson argues that his appellate counsel was ineffective by failing on direct appeal to challenge the district court's (1) denial of his pretrial motion for disclosure of

3

the confidential informant's identity and (2) allowance of officer testimony about information received from the confidential informant. In Roberson's direct appeal, this court noted,

> At a *Rasmussen* hearing, [Roberson], acting pro se, raised numerous issues that are not the subject of this appeal. Among the issues raised was a request that the state be ordered to disclose the identity of the CI. [Roberson] framed this motion as a Confrontation Clause issue. The district court denied [Roberson]'s motion because the state disclaimed any intention of offering any of the CI's statements into evidence at trial. *That issue was not appealed.* Multiple other pretrial motions were denied by the district court and were not appealed.
>
> However, the district court interpreted [Roberson]'s request to contain an implicit motion to suppress drug evidence because police did not have probable cause to arrest [him]. The district court sua sponte set a motion hearing for later that same day on the "implicit" request to suppress evidence recovered incident to the arrest. The state offered the testimony of Officer Jeddeloh on that issue. At the close of the hearing, the district court found that probable cause to arrest existed and denied [Roberson]'s implicit motion to suppress.

*Roberson*, 2012 WL 1149336, at *2 (emphasis added) (footnote omitted). Roberson's claims of ineffective assistance of appellate counsel are not barred by *Knaffla*. *See Leake v. State*, 737 N.W.2d 531, 536 (Minn. 2007) ("Claims of ineffective assistance of appellate counsel on direct appeal are not barred by the *Knaffla* rule in a first postconviction appeal because they could not have been brought at any earlier time.").

To prevail on an ineffective-assistance-of-counsel claim, an appellant must show that "(1) his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that the outcome would have been different

4

but for counsel's errors." *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). Here, the district court addressed at the *Rasmussen* hearing the issue of the confidential informant's identity. The state agreed that it would not introduce evidence that the police officers used a confidential informant, and the court ruled that the police officers could not testify that they received information from a confidential informant. The court therefore did not require the state to disclose the identity of the confidential informant. Additionally, the state agreed that it would not introduce at trial text messages that had been recovered from a cell phone incident to Roberson's arrest without a search warrant.[1]

Despite the district court's ruling that barred the state from eliciting officer testimony about the confidential informant, and despite the state's agreement not to introduce text messages recovered from the cell phone, during Roberson's cross-examination of Officer Jeddeloh, Roberson introduced the subject of the confidential informant, the cell-phone text messages, and a copy of the criminal complaint. Roberson therefore invited any error resulting from the district court's allowance of the testimony.

> The invited error doctrine prevents a party from asserting an error on appeal that he invited or could have prevented in the court below. [The supreme] court has held that a defendant cannot on appeal raise his own trial strategy as a basis for reversal. The invited error doctrine, however, does not apply to plain errors. To establish a plain error a defendant must demonstrate that (1) there was an error, (2) it was plain, and (3) it affected substantial rights.

---

[1] Because the district court did not allow any text messages in evidence, we do not address the application of *Riley v. California*, 134 S. Ct. 2473, 2493 (2014) (holding that "a warrant is generally required before such a search, even when a cell phone is seized incident to arrest").

*State v. Goelz*, 743 N.W.2d 249, 258 (Minn. 2007) (citations omitted). Under the plain-error test, if each of the first three questions is answered in the affirmative, we determine "whether the error should be addressed to ensure fairness and the integrity of the judicial proceedings." *Id.* (quotation omitted). "If a defendant fails to establish that the claimed error affected his substantial rights, [appellate courts] need not consider the other factors." *Id.*

A person is guilty of second-degree controlled-substance crime if "the person unlawfully possesses one or more mixtures of a total weight of six grams or more containing cocaine." Minn. Stat. § 152.022, subd. 2(1) (2008). Subject to an exception that does not apply, a person is guilty of fifth-degree controlled-substance crime if "the person unlawfully possesses one or more mixtures containing a controlled substance classified in Schedule I, II, III, or IV." Minn. Stat. § 152.025, subd. 2(1) (2008). Cocaine is a Schedule II substance. Minn. Stat. § 152.02, subd. 3(1)(d) (2008).

Here, the admission of the challenged evidence was not plain error affecting Roberson's substantial rights because the state presented considerable evidence, in the form of testimony from multiple officers, that Roberson possessed the alleged quantity drugs. *See State v. Larson*, 787 N.W.2d 592, 601 (Minn. 2010) (concluding that failure to ask jury whether victim's death was reasonably foreseeable to Larson did not prejudice substantial rights when "considerable evidence" produced at trial that Larson intended victim be murdered). Roberson therefore fails to allege any facts or point to any law

6

suggesting that the performance of his attorney on appeal could have led to a different result or was unreasonable.

Roberson raises other claims of error. He argues that (1) the amendment of the complaint prejudiced his substantial rights, (2) the police performed an impermissible warrantless search, (3) the police tampered with drug evidence, (4) the district court committed prejudicial error by not conducting a *Batson* analysis,[2] (5) the prosecutor committed misconduct by bringing unsupported charges, and (6) the district court committed judicial misconduct by ruling against him. Roberson either knew or should have known about these claims at the time of his direct appeal and could have raised them at that time. Roberson does not argue, and the record does not indicate, that any claim is novel or should be decided in the interests of justice. The district court properly concluded that these claims are barred by *Knaffla*.

Because Roberson fails to allege facts that, if true, entitle him to relief, he is not entitled to an evidentiary hearing. We conclude that the postconviction court did not abuse its discretion by summarily denying Roberson's petition for postconviction relief.

**Affirmed.**

---

[2] During voir dire, the state peremptorily struck a juror who indicated that he had a black nephew with whom he discussed some of the racial biases that the nephew had encountered. Roberson stated that he "felt kind of prejudiced" by the peremptory strike. Without treating Roberson's comment as a *Batson* challenge, the district court told Roberson that the state did not need a reason to exercise a peremptory strike.