*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0899**

Kyle Richard Greene, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 9, 2015
Affirmed
Halbrooks, Judge**

Meeker County District Court
File Nos. 47-VB-11-527, 47-VB-11-42

Kyle R. Greene, Grove City, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Rebecca M. Rue, Litchfield, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Halbrooks, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Pro se appellant challenges the district court's denial of his postconviction petition. Because the record conclusively shows that appellant is not entitled to relief, we affirm.

**FACTS**

In December 2010, the Minnesota Department of Public Safety suspended appellant Kyle Richard Greene's driver's license for driving after withdrawal and failure to pay child support. Greene was subsequently charged with driving after suspension. Two months later, the department revoked Greene's license after he failed to provide proof of insurance. Greene continued to drive and was charged with driving after revocation in August 2011.

Greene, who was pro se at trial, pleaded not guilty to both charges and demanded speedy trials. Greene moved the district court to dismiss the charges because of the racial composition of the jury venire. The district court denied Greene's request as it was not yet ripe or properly presented. After several more pretrial motions by Greene, the district court stated, "I don't know what to tell you other than that I will address all matters of law that are properly brought to me." After the district court ruled on all outstanding motions, Greene's cases proceeded to separate trials. Both juries found Greene guilty.

On direct appeal to this court in 2012, Greene argued that his convictions should be vacated because (1) a state's witness committed perjury during both trials and the prosecutor committed perjury during one trial, (2) he was denied speedy trials, (3) the jury venires denied him a fair trial, and (4) the district court repeatedly exhibited bias against him. This court affirmed Greene's convictions. *State v. Greene*, No. A12-0205, 2012 WL 6652594 at *3-5 (Minn. App. Dec. 24, 2012), *review denied* (Minn. Mar. 19, 2013).

After the supreme court denied his petition for further review, Greene filed a document with the district court entitled "petition for writ of error coram nobis." The petition alleged that no Minnesota judge ever considered his arguments. The district court construed Greene's motion as a petition for postconviction relief and denied the claim without an evidentiary hearing after it determined that the record conclusively contradicted Greene's claim. Greene appeals.

## D E C I S I O N

Because Minnesota Statutes chapter 590 replaced and codified the writ of coram nobis, the district court properly analyzed Greene's motion as a petition for postconviction relief. *See Hooper v. State*, 838 N.W.2d 775, 781 (Minn. 2013). The district court may deny a petition for postconviction relief without a hearing if the petition and record conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014). A petitioner is not entitled to relief if his petition repeats arguments that were rejected on direct appeal. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (Minn. 1976).

In his postconviction petition, Greene argued that "not once did a Minnesota state judge" consider his arguments. (Emphasis omitted.) On appeal, Greene abandoned this claim. We therefore deem this argument waived. *See Scruggs v. State*, 484 N.W.2d 21, 24 n.1 (Minn. 1992) (holding that arguments raised in postconviction petitions but not addressed on appeal will not be considered).

Instead of developing the argument raised in his postconviction petition, Greene now argues on appeal that (1) the jury venires denied him a fair trial, (2) the district court

failed to grant him speedy trials, and (3) the state's witnesses committed perjury. He contends these errors have caused him to develop a condition known as "legal abuse syndrome." Greene failed to include these arguments in his postconviction petition. They are therefore waived. *See State v. Roby*, 463 N.W.2d 506, 508 (Minn. 1990) (holding that arguments raised for first time on appeal will not be considered).

But even if Greene had properly included these arguments in his postconviction petition, the caselaw would require us to reject them because he previously raised these arguments in his direct appeal. Under the rule described in *Knaffla*, litigants may not repeat previously discredited arguments in a subsequent postconviction petition. 309 Minn. at 252, 243 N.W.2d at 741. The *Knaffla* rule exists to preserve the finality and integrity of previous cases. *Townsend v. State*, 723 N.W.2d 14, 19 (Minn. 2006). *Knaffla* also promotes a more efficient court system, as the rule relieves courts from having to repeatedly reconsider arguments previously determined to be unpersuasive. And while there are two narrow exceptions to the *Knaffla* rule, Greene's repetitive, unpersuasive arguments do not qualify for either exception. *See Anderson v. State*, 811 N.W.2d 632, 634 (Minn. 2012) (stating that the exceptions to *Knaffla* are when the claim is "novel" or when justice requires consideration of the claim).

**Affirmed.**