*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2055**

State of Minnesota,
Appellant,

vs.

Baruch Kefa Nieznanski,
Respondent.

**Filed May 11, 2015
Affirmed
Rodenberg, Judge
Dissenting, Chutich, Judge**

St. Louis County District Court
File No. 69DU-CR-14-1106

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Gary W. Bjorklund, Assistant County Attorney, Duluth, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Sean M. McGuire, Assistant Public Defender, St. Paul, Minnesota (for respondent)

        Considered and decided by Smith, Presiding Judge; Rodenberg, Judge; and Chutich, Judge.

UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant State of Minnesota challenges the decision of the district court to sentence respondent to a downward durational departure of 36 months in prison. We affirm.

**FACTS**

On April 2, 2014, police responded to a reported domestic violence incident and stopped respondent Baruch Nieznanski as he was leaving the residence at which the incident reportedly occurred.[1]

According to the complaint, respondent had been in an argument with his wife B.A.N. B.A.N. tried to leave the couple's bedroom, and respondent prevented her from leaving. The situation escalated and respondent began to take pictures off of the wall and smash them on the ground. At that point, B.A.N. attempted to call the police, but respondent stopped her. According to the complaint, respondent reached into a bag belonging to B.A.N. and pulled out a firearm, which B.A.N. lawfully possessed. Respondent is a felon and ineligible to possess a firearm.

The complaint also stated that respondent put the barrel of the firearm in his mouth, waved the gun around, and at times pointed it toward B.A.N. Eventually, respondent put the gun down. B.A.N. yelled for her father, who lived in the home with

---

[1] Respondent requests that we strike the majority of appellant's recitation of the facts because "appellant's statement of the facts is almost completely unsupported by references to the record," citing to *Cole v. Star Tribune*, 581 N.W.2d 364, 371 (Minn. App. 1998) and Minn. R. Civ. App. P. 128.02, subd. 1(c). Because respondent never filed a motion to strike, he is not entitled to relief. *See* Minn. R. Civ. App. P. 127.

B.A.N., respondent, and four children. One of the children awoke B.A.N.'s father, who gained entry into the room and positioned himself between B.A.N. and respondent. At that point, B.A.N. was able to leave the room, grabbing her gun on the way out. B.A.N. then called the police.

The complaint charged respondent with possession of a firearm by an ineligible person (felon) in violation of Minn. Stat. § 624.713, subd. 1(2) (2012), false imprisonment in violation of Minn. Stat. § 609.255, subd. 2 (2012), gross misdemeanor interference with an emergency call in violation of Minn. Stat. § 609.78, subd. 2 (2012), misdemeanor domestic assault in violation of Minn. Stat. § 609.2242, subd. 1(1) (2012), and misdemeanor domestic assault in violation of Minn. Stat. § 609.2242, subd. 1(2) (2012). As part of a plea agreement, respondent pleaded guilty to the felon in possession of a firearm charge, and the state dismissed the other charges. There was no agreement concerning sentencing and the respondent moved the district court for a dispositional departure.

At the sentencing hearing, the district court denied respondent's motion for a dispositional departure, but sentenced him to a mitigated durational departure of 36 months executed. While not giving any reason for this durational departure during the hearing, the district court later filed a departure report and indicated that the "crime [was] less onerous than usual." This appeal followed.

## DECISION

A conviction in violation of Minn. Stat. § 624.713, subd. 1(2), carries with it a mandatory minimum sentence of five years (60 months) in prison. Minn. Stat. § 609.11,

3

subd. 5(b) (2012). On its own motion, the district court may impose a sentence without reference to the mandatory minimum, and such sentence is considered a departure from the sentencing guidelines. Minn. Stat. § 609.11, subd. 8(a) (2012).[2] The district court may not, however, depart from the mandatory minimum sentence if the offender has a prior conviction involving use of a firearm or other dangerous weapon. Minn. Stat. § 609.11, subd. 8(b) (2012). The district court must have substantial and compelling reasons to depart from the sentencing guidlines. *Id.*

We review a district court's departure from the sentencing guidelines for an abuse of discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). Generally, we "will not interfere with [the district court's] discretion unless [we have] a 'strong feeling' that the sentence is disproportionate to the offense." *State v. Schenk*, 427 N.W.2d 12, 13 (Minn. App. 1988) (quoting *State v. Schantzen*, 308 N.W.2d 484, 487 (Minn. 1981)). Durational departures require the district court "to consider whether the conduct involved in the offense of conviction was significantly more or less serious than the typical conduct for that crime." *State v. Peter*, 825 N.W.2d 126, 129 (Minn. App. 2012), *review denied* (Minn. Feb. 27, 2013).

---

[2] While the district court in this case was authorized to impose a downward durational departure on its own motion, we observe that the motion and arguments before the district court focused entirely on whether or not a *dispositional* departure was appropriate in this case. We question whether the state had appropriate notice of the possibility of a downward durational departure and whether the state should have been heard on its arguments that a downward durational departure was inappropriate. *See* Minn. R. Crim. P. 27.03, subd. 1(3) (stating that "[i]f the court intends to consider a mitigated departure from the sentencing guidelines, the court must advise the parties" and it must provide notice). However, the state did not preserve this issue for appeal and we therefore do not address it.

4

In *Williams v. State*, 361 N.W.2d 840, 844 (Minn. 1985), the Minnesota Supreme Court provided a framework for reviewing departure decisions by the district court, *see also State v. Geller*, 665 N.W.2d 514, 516 (Minn. 2003).[3] That decision provides:

1. If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed.
2. If reasons supporting the departure are stated, this court will examine the record to determine if the reasons given justify the departure.
3. If the reasons given justify the departure, the departure will be allowed.
4. If the reasons given are improper or inadequate, but there is sufficient evidence in the record to justify departure, the departure will be affirmed.
5. If the reasons given are improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed.

*Williams*, 361 N.W.2d at 844; *accord Geller*, 665 N.W.2d at 516. Here, the district court provided a reason for the departure, that this crime was "less onerous than usual."[4] Therefore, we analyze this departure under category two (2) of *Williams*, and we look to "the record to determine if the reasons given justify the departure." 361 N.W.2d at 844.

The only sworn testimony in the record concerning the facts of the incident is that of respondent from the plea hearing. In that testimony, respondent did not admit, as the

---

[3] *Williams* and *Geller* are both cases in which the district court imposed an *upward* durational departure. The holding of those cases has since been modified by the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 313-14, 124 S. Ct. 2531, 2543 (2004), requiring that the existence of aggravating factors be found by a trier of fact. However, there is nothing to suggest that the framework adopted in these cases does not continue to apply when we review downward durational departures.

[4] The record in this case is imperfect. The district court should have been more explicit in its reasoning for why the crime in this case was less onerous than usual. But *Williams* does not allow us to reverse on an imperfect record alone.

complaint alleged, that he pointed the firearm at B.A.N. He did not admit to physically assaulting B.A.N. There was no testimony or evidence to support the state's contention that B.A.N. was terrified or that B.A.N. was injured in the encounter. In fact, respondent was asked if anyone was hurt, and he responded, "No." The state dismissed all of the counts of the complaint except those relating to possession of the firearm. And it had the opportunity to question respondent at the plea hearing. Had the state intended to rely at sentencing on facts different than those admitted by respondent at the plea hearing, including a claim that he pointed a firearm *at* B.A.N., it could and should have made a record of those facts. Because the state dismissed all of the other charges and made no factual record beyond respondent's plea, the district court was presented with a record including only that respondent, an ineligible person, briefly possessed a firearm during an argument with his wife, threatening himself but no one else.

This record supports only that respondent fleetingly grabbed the gun during an emotionally charged incident. He did not fire it or plan to use it. The district court implicitly found the same when it concluded that this crime was less onerous than usual. The district court was best situated to weigh the evidence before it and to understand the context of the actions of respondent. Whether we would arrive at the same conclusion is not the question before us on appeal. We are not left with with the "'strong feeling' that the sentence is disproportionate to the offense." *See Schenk*, 427 N.W.2d at 13 (quoting *State v. Schantzen*, 308 N.W.2d 484, 487 (Minn. 1981)).

**Affirmed.**

**CHUTICH**, Judge (dissenting)

I respectfully dissent. Because nothing in the record supports the finding that this crime—a key part of what the district court aptly characterized as a "very violent, very frightening incident that could have gone horribly horribly wrong"—was somehow "less onerous than usual," I would reverse.

The conviction here carried with it a five-year mandatory minimum sentence. Minn. Stat. § 609.11, subd. 5(b) (2012). Nieznanski moved for a dispositional departure only, arguing that he was amenable to probation. The district court denied his motion and instead sentenced Nieznanski to 36 months, a mitigated durational departure. The district court did not state its reason for the durational departure on the record but checked "Crime less onerous than usual" in its departure report.

A district court may depart from the mandatory minimum sentence required here if substantial and compelling reasons exist. Minn. Stat. § 609.11, subd. 8(a) (2012); Minn. Sent. Guidelines 2.E.2.b. (2012). Although we review a departure for abuse of discretion, a district court may depart "*only if* aggravating or mitigating circumstances are present." *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014) (quotation omitted). A district court abuses its discretion if its departure reasons are improper or insufficient and insufficient evidence justifies the departure. *Id.*

The district court here stated in the departure report that it was departing because the crime was "less onerous than usual." The severity of an offense is an appropriate factor for a downward durational departure. *See State v. Cox*, 343 N.W.2d 641, 643 (Minn. 1984). If a district court states its reason for departure, "this court will examine

D-1

the record to determine if the reasons given justify the departure."[5] *Williams v. State*, 361 N.W.2d 840, 844 (Minn. 1985). Nothing in the record here justifies the departure.

The majority claims that the record "supports only that respondent fleetingly grabbed the gun during an emotionally charged incident." I disagree. Nothing in the factual basis for the plea suggests that Nieznanski's possession was fleeting.

Instead, Nieznanski's admissions during the plea hearing illustrate an encounter that would terrify any human being. Nieznanski, having decided that he "had had enough of what was going on" with his wife, grabbed a handgun "[t]o control the situation." His attempt to "control the situation" included threatening to kill himself while forcing his wife to watch. Then Nieznanski—who is ineligible to possess a firearm because of his previous conviction of kidnapping to commit great bodily harm or terrorize the victim, his former wife—prevented his current wife from leaving the room to call 911. These admissions do not suggest a fleeting possession.

In addition to Nieznanski's testimony, the district court also had the presentence investigation report, the main purpose of which is to aid a court in fashioning a just sentence. *See State v. Ender*, 467 N.W.2d 39, 41 (Minn. App. 1991). In the report, B.A.N. stated that she remains very much afraid of Nieznanski. Nieznanski admitted that the details of how he used the loaded gun during the violent domestic argument were accurate.

---

[5] As the majority notes, no authority suggests that our analysis of mitigated departures under *Williams* has been affected by *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

As the majority notes, the district court did not state its reason for the durational departure on the record. But its statements at the sentencing hearing belie the suggestion that this crime was "less onerous." The district court expressed its concern that Nieznanski has not "figured out the power and control dynamics here that lead to domestic violence." And it then described this offense as "a very violent, very frightening incident that could have gone horribly horribly wrong." This remark was the district court's only offense-related statement. And only offense-related factors can support durational departures. *State v. Peter*, 825 N.W.2d 126, 130 (Minn. App. 2012), *review denied* (Minn. Feb. 27, 2013); *see also State v. Chaklos*, 528 N.W.2d 225, 228 (Minn. 1995).

Furthermore, *Williams* does not limit our examination to the sworn testimony at the plea hearing; instead, "this court will examine *the record* to determine if the reasons given justify the departure." 361 N.W.2d at 844 (emphasis added). The record before the district court at sentencing included not just Nieznanski's testimony, but also the complaint and presentence investigation report. The majority, in reaching its decision, fails to consider these additional parts of the record because the other offenses were dismissed. But while uncharged or dismissed offenses cannot form the basis for an upward *departure*, *State v. Jones*, 745 N.W.2d 845, 849 (Minn. 2008), no authority states that a district court cannot consider the conduct underlying other offenses when imposing a *presumptive* sentence. Moreover, the conduct pertaining to the assault and interference with a 911 call is relevant to *how* Nieznanski used the loaded gun that evening, so it pertains to the possession charge as well.

D-3

Nieznanski's possession of a firearm did not occur in a vacuum; the complaint and presentence investigation report provide relevant context in which to judge the seriousness of this possession offense. In addition to providing more detail about Nieznanski's possession of the gun, the complaint also shows that this violent confrontation did not end until the couple's ten-year-old daughter—one of four children in the home at that time—successfully woke B.A.N.'s father, who entered the room and separated the couple until Nieznanski left.

In sum, when considering the record before the court, no evidence exists to support the district court's conclusion that this crime was "less onerous" than the usual felon-in-possession case. As the district court explained, "this [was] a very violent, very frightening incident that could have gone horribly horribly wrong." This "very violent, very frightening incident" simply does not support a finding that this case is "less onerous" than the typical felon-in-possession case. Because insufficient evidence justified the departure, I would hold that this case is a rare one in which the district court abused its discretion. I would reverse and remand for imposition of the presumptive sentence.