*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1538**

Clinton Lee Strother, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 16, 2016
Affirmed
Peterson, Judge**

St. Louis County District Court
File No. 69DU-CR-12-1154

Clinton Lee Strother, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Jonathan D. Holets, Assistant County Attorney, Duluth, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Peterson, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from the denial of his petition for postconviction relief, appellant argues that he is entitled to relief due to insufficient evidence of his guilt, pretrial and trial

errors, the composition of the jury, and ineffective assistance of counsel. Because these claims are procedurally barred, we affirm.

## FACTS

A police informant purchased cocaine from appellant Clinton Lee Strother. Strother was charged with second-degree controlled-substance crime, and a jury found him guilty of the charge. He filed a direct appeal in which he challenged the sufficiency of the evidence to support his conviction. This court concluded that the evidence presented at trial was sufficient and affirmed Strother's conviction. *State v. Strother*, No. A13-0817, 2014 WL 1660671, at *2 (Minn. App. Apr. 28, 2014), *review denied* (Minn. June 25, 2014).

Strother then filed a petition for postconviction relief. He again challenged the sufficiency of the evidence, and he also argued that (1) key evidence was withheld from the jury, (2) the state failed to disclose evidence in a timely manner during discovery, (3) he was denied effective assistance of trial and appellate counsel, and (4) the jury panel did not fairly represent the community population. The district court denied the petition following a hearing, and this appeal follows.

## D E C I S I O N

An appellate court reviews the denial of a petition for postconviction relief for an abuse of discretion. *Colbert v. State*, 870 N.W.2d 616, 621 (Minn. 2015). "A postconviction court abuses its discretion when its decision is based on an erroneous application of the law or is against logic and the facts in the record." *Nunn v. State*, 868 N.W.2d 230, 232 (Minn. 2015).

"A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence." Minn. Stat. § 590.01, subd. 1 (2014); *see also Colbert*, 870 N.W.2d at 626 (stating that under *Knaffla*[1] rule, "once a direct appeal has been taken, all claims raised in the direct appeal and all claims that were known or should have been known but were not raised in the direct appeal are procedurally barred" (emphasis omitted)).

Strother challenges the sufficiency of the evidence to support his conviction and the credibility of the state's evidence. Because this court addressed the sufficiency and credibility of the evidence on direct appeal, Strother's postconviction arguments on these same issues are procedurally barred. *See Strother*, 2014 WL 1660671, at *1-2 (determining that testimony of police informant and corroboration of that testimony constituted sufficient evidence to permit jury to find Strother guilty).

Strother argues that key evidence involving alternative perpetrators and the police informant was excluded from trial, that evidence involving a pretrial identification that was admitted at trial was not disclosed by the state during discovery, that the complaint was not supported by probable cause, and that the composition of the jury violated his constitutional right to a fair trial. Strother uses these arguments to support his contention that he received ineffective assistance of trial counsel, asserting that trial counsel should have elicited additional evidence before and during trial and should have challenged the jury

---

[1] *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

composition.[2]  All of these arguments relate to events that occurred before or during trial and involve facts that were known or should have been known at the time of the direct appeal.  The arguments could have been raised on direct appeal and are procedurally barred. *See Colbert*, 870 N.W.2d at 626-27 (explaining and applying *Knaffla* rule); *see also Nissalke v. State*, 861 N.W.2d 88, 93 (Minn. 2015) ("If a claim of ineffective assistance of trial counsel can be determined on the basis of the trial record, the claim must be brought on direct appeal or it is *Knaffla*-barred.").

"Under the interests-of-justice exception to the *Knaffla* rule, the court may review a claim as fairness requires when the claim has substantive merit and the petitioner did not deliberately and inexcusably fail to raise the issue in the direct appeal . . . ."  *Colbert*, 870 N.W.2d at 626.  Strother contends that this exception applies to his postconviction arguments, but he does not provide a reason why he failed to raise the arguments on direct appeal.  *Cf. Anderson v. State*, 811 N.W.2d 632, 634 (Minn. 2012) ("[Appellant] has articulated no reason why he did not raise this [postconviction] claim on direct appeal and we can discern none from the record.  Thus, [appellant] has not shown and indeed cannot show that he did not deliberately and inexcusably fail to raise the issue on direct appeal.  Absent such a showing, the interests-of-justice exception cannot apply."); *Perry v. State*, 731 N.W.2d 143, 147 (Minn. 2007) ("[F]airness does not require that [an appellate court]

---

[2] Although Strother argued in his postconviction petition that he was denied effective assistance of appellate counsel during the direct appeal, he did not include that argument in his briefs for this appeal, and therefore the argument has been waived.  *See Powers v. State*, 688 N.W.2d 559, 560 n.1 (Minn. 2004) ("Issues raised in a petition for postconviction relief but not addressed by a party's brief are considered waived.").

4

review a [postconviction] claim when [appellant] has not presented a colorable explanation of why he failed to raise these claims previously."). Strother has not shown that fairness requires a review of his postconviction arguments or that the district court abused its discretion by denying his petition for postconviction relief.

**Affirmed.**