*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0320**

Calvin Boswell, Jr., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed July 18, 2016
Affirmed
Stauber, Judge**

Hennepin County District Court
File No. 27-CR-05-018292

Calvin Boswell, Jr., Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Ross, Judge; and Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

On appeal from the summary denial of his petition, appellant argues that the

district court erred by construing his motion to correct his sentence under Minn. R. Crim.

P. 27.03, subd. 9, as a petition for postconviction relief and concluding that the petition was time-barred and procedurally barred. We affirm.

## FACTS

In August 2005, appellant Calvin Boswell was convicted of second-degree intentional murder and second-degree assault. The district court then found several aggravating factors and sentenced appellant to an upward departure of 360 months in prison for the murder charge, and a stayed consecutive 60-month sentence for the assault charge. Appellant subsequently filed a direct appeal and this court affirmed. *State v. Boswell*, No. A05-2377, 2007 WL 509388 (Minn. App. Feb. 20, 2007), *review denied* (Minn. Apr. 25, 2007).

In September 2015, appellant filed a motion to correct his sentence under Minn. R. Crim. P. 27.03, subdivision 9. Appellant claimed that (1) the district court abused its discretion by basing its upward departure on impermissible aggravating factors that lacked evidentiary support in the factual record and (2) the state did not provide proper notice that it was seeking an upward departure. The district court treated the motion as a petition for postconviction relief under Minn. Stat. § 590.01 (2014) and summarily denied the petition as time-barred under Minn. Stat. § 590.01, subd. 4, and procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). This appeal followed.

## D E C I S I O N

Appellant challenges the district court's denial of his motion to correct his sentence, arguing that the court erroneously concluded that his motion should be construed as a petition for postconviction relief. This court reviews a district court's decision denying a

2

postconviction petition for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). Findings of fact will not be reversed unless they are clearly erroneous, but legal issues are reviewed de novo. *Id.* "The interpretation of a procedural rule is subject to de novo review." *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011).

A defendant may challenge his sentence in a petition for postconviction relief under Minnesota Statutes chapter 590. Minn. Stat. § 590.01, subd. 1. A petition for postconviction relief must generally be filed within two years of the date of an appellate court's disposition of a direct appeal. Minn. Stat. § 590.01, subd. 4(a)(2). In addition, after a direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

Alternatively, a defendant may challenge his sentence under Minn. R. Crim. P. 27.03, subd. 9, by moving to "correct a sentence not authorized by law." A motion to correct an unauthorized sentence under Minn. R. Crim. P. 27.03, subd. 9, is not subject to the same time bar or a limitation against filing a second or subsequent motion, and may be raised at any time. *Washington v. State*, 845 N.W.2d 205, 211 (Minn. App. 2014).

A district court may, in some situations, recharacterize a motion to correct sentence as a postconviction petition. The supreme court has approved of such a recharacterization, albeit on case-specific grounds. *See Bonga v. State*, 765 N.W.2d 639, 642-43 (Minn. 2009); *Powers v. State*, 731 N.W.2d 499, 501 n.2 (Minn. 2007). This court, however, has limited the discretion of a district court to treat a motion to correct a sentence as a postconviction petition by holding that a district court may not apply the

procedural rules and limitations of chapter 590 if an offender has properly invoked the remedy available in rule 27.03, subdivision 9. *See State v. Amundson*, 828 N.W.2d 747, 751 (Minn. App. 2013); *Vazquez v. State*, 822 N.W.2d 313, 318-20 (Minn. App. 2012). But this court has also held that an offender's challenge to a sentence is "properly filed" under rule 27.03, subdivision 9, only in limited circumstances: "only if the offender challenges the sentence on the ground that it is 'unauthorized by law' in the sense that the sentence is contrary to an applicable statute or other applicable law." *Washington*, 845 N.W.2d at 214. And "an offender may not avoid the requirements of the postconviction act by simply labeling a challenge as a motion to correct a sentence under rule 27.03, subdivision 9." *Id.* at 212.

In this case, appellant filed his motion under rule 27.03, subdivision 9, arguing that the upward departure "was based on 'impermissible aggravating factors that were unauthorized by law' and that the evidence used to justify the district court's findings was insufficient to prove the existence of any such factors." He also contends that the state "did not provide proper notice of its intent to seek [an] upward departure pursuant to Minn. R. Crim. P. 7.03."

Appellant argues that his upward departure was based on "impermissible aggravating factors" and was "unauthorized by law" because it is contrary to the permissible list of aggravating factors set forth in the sentencing guidelines, and the applicable caselaw. But a review of the applicable law demonstrates that appellant's sentence is plainly authorized by law. In sentencing appellant to an upward departure, the district court relied on the following four aggravating factors: (1) appellant was

4

"unamenable to probation"; (2) the victim was "treated with particular cruelty"; (3) the

offense involved "multiple victims"; and (4) the offense occurred in a "public setting,"

which put "others in the zone of danger." Particular cruelty, multiple victims, and putting

others in the zone of danger are all permissible aggravating factors which allow a

sentencing court to legally impose an upward departure.[1] *See State v. Vance*, 765

N.W.2d 390, 395 (Minn. 2009) (recognizing particular cruelty as a legally valid

aggravating factors); *Dominguez*, 663 N.W.2d at 567 (stating that "multiple victims is a

legitimate aggravating factor sufficient to support an upward departure"); *State v.*

*Mitjans*, 408 N.W.2d 824, 834 (Minn. 1987) (stating that a defendant's conduct is more

serious than the typical crime and warrants an upward departure if the conduct puts a

large number of people at risk or in fear of their safety). Thus, appellant's sentence was

"authorized by law."

Appellant's remaining challenges to his sentence are that (1) the aggravating

factors on which the upward departure was based lacked evidentiary support in the record

and were elements of the offenses of which he was convicted and (2) the state failed to

provide adequate notice of its intent to seek an upward departure. But these are not

---

[1] We note that unamenability to probation is a valid basis to dispositionally depart from the sentencing guidelines. *State v. Schenk*, 427 N.W.2d 12, 14 (Minn. App. 1988). But because unamenability to probation is an offender-related factor, it may not be used to support an upward durational departure. *State v. Chaklos*, 528 N.W.2d 225, 228 (Minn. 1995). Thus, the district court erroneously cited appellant's unamenability to probation as an aggravating factor supporting the upward departure. However, the "district court only needs one valid basis to support an upward departure." *State v. Dominguez*, 663 N.W.2d 563, 567 (Minn. 2003). Because the district court found four aggravating factors, three of which are valid bases to depart, appellant's sentence is not unauthorized by law.

arguments that appellant's sentence is "'unauthorized by law' in the sense that the sentence is contrary to an applicable statute or other applicable law." *See Washington*, 845 N.W.2d at 214. Instead, these challenges to his sentence involve "fact-based challenge[s] to the record." *Id.* at 214-15. Therefore, appellant's challenges to his sentence were not properly filed under rule 27.03, subdivision 9, and the district court properly construed his claims to be claims seeking postconviction relief. *See Johnson*, 801 N.W.2d at 176 (stating that when a petitioner files a claim under rule 27.03, subdivision 9, that should have been brought under chapter 590, the appellate court must analyze the claim as though it were a postconviction petition for relief).

Because the correct vehicle for the postconviction relief appellant seeks is Minn. Stat. § 590.01, the two-year statute of limitations is applicable. Appellant sought postconviction relief in September 2015, more than two years after his conviction became final in 2007. Therefore, appellant's claims are untimely under Minn. Stat. § 590.01.

The district court may, however, consider the merits of an untimely postconviction petition if one of five statutory exceptions applies. Minn. Stat. § 590.01, subd. 4(b). The fifth exception allows for consideration of an untimely postconviction petition if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.* The interests-of-justice exception applies only in "exceptional circumstances." *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010).

Appellant argues that his untimely petition should be considered in the interests of justice because he was 16 years old at the time of his sentencing and his direct appeal, and had a sixth to eighth "grade education level." But the supreme court has rejected the

6

argument that a petitioner's pro se status and limited educational attainment satisfy the "interests of justice" requirement of subdivision 4(b)(5), at least in the context of a petitioner who has previously filed a petition for postconviction relief that was not time-barred. *See Wayne v. State*, 866 N.W.2d 917, 920 (Minn. 2015); *Erickson v. State*, 842 N.W.2d 314, 319 (Minn. 2014). Here, although appellant has not previously filed a petition for postconviction relief, appellant filed a direct appeal following his conviction, and the supreme court denied appellant's petition for further review. Appellant also filed a petition for writ of habeas corpus in 2008. Appellant's age and lack of educational attainment did not prevent him from filing his direct appeal, his petition for further review, or his habeas petition. Accordingly, appellant is unable to establish that the district court abused its discretion by declining to consider his untimely postconviction petition in the interests of justice.

Finally, appellant's claims are also precluded by the *Knaffla* rule, which provides that claims that were raised, or known and should have been raised on direct appeal, may not be brought in a subsequent petition for postconviction relief unless the claims are novel or the interests of fairness and justice warrant relief. *Anderson v. State*, 811 N.W.2d 632, 634 (Minn. 2012) (citing *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 241). The challenge appellant now asserts was either known to him or should have been known to him at the time of his direct appeal. And appellant has not attempted to invoke any of the exceptions to the *Knaffla* rule. Thus, appellant's postconviction petition is procedurally barred.

**Affirmed.**